IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB,<br>4856 Arlington Boulevard<br>Arlington, VA 22204,<br><br>    Plaintiff,<br><br>vs.<br><br>DOCUMENT TECHNOLOGIES, INC.,<br>2000 M. Street, N.W., Suite LL 03<br>Washington, DC 20036,<br><br>    and<br><br>JAMES MAGUIRE,<br><br>    Defendants. | CASE NO. 1:05CV01825<br><br>JUDGE: Ricardo M. Urbina<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 09/14/2005 |

## ANSWER OF DEFENDANT DOCUMENT TECHNOLIGIES, LLC

Defendant Document Technologies, LLC ("DTI"), incorrectly identified in the Complaint as Document Technologies, Inc., by its undersigned counsel, hereby files its Answer to the Complaint filed by Plaintiff Abderrahim Tnaib ("Plaintiff").

## ANSWER

In response to the individually numbered paragraphs of the Complaint, DTI pleads as follows:

As to the first unnumbered paragraph, DTI admits that Plaintiff purports to bring an action for injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the District of Columbia Human Rights Act ("DCHRA"). DTI denies, however, that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

## Parties

1. Upon information and belief, DTI admits that Plaintiff is a male whose birth date is March 1, 1967. DTI further admits, upon information and belief, that Plaintiff resided in Virginia at the time of his termination from DTI and that Plaintiff repeatedly and voluntarily self-identified his ancestry to co-workers as Moroccan. DTI is without information or knowledge sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 1 of the Complaint.

2. The averments set forth in Paragraph 2 of the Complaint are vague and ambiguous as to what is referenced by "at all relevant times" and "diligent, hardworking, and trustworthy." DTI admits that it employed Plaintiff as a Senior Account Manager and that Plaintiff worked in DTI's Washington, D.C. office, located at 2000 M Street, N.W., Washington, D.C. 20036. DTI further admits that it employed Plaintiff from in or about May 2001 until his termination on or about October 17, 2003. DTI also admits that its corporate headquarters are located at Two Ravinia Drive, Suite 850, Atlanta, Georgia 30346. Paragraph 2 of the Complaint draws a legal conclusion as to whether Plaintiff was an "employee" of DTI and therefore requires no response from DTI. To the extent that a response is deemed necessary, DTI admits that it employed Plaintiff as that term is defined in the applicable law. DTI denies the remaining averments set forth in Paragraph 2 of the Complaint.

3. DTI admits that James McGuire is an individual. DTI denies the remaining averments set forth in Paragraph 3 of the Complaint.

4. DTI admits that it is authorized to conduct business, and does conduct business, in the District of Columbia and that it maintains an office at 2000 M Street, N.W., Washington, D.C., 20036. Paragraph 4 of the Complaint draws a legal conclusion as to whether DTI is an

"employer" and therefore requires no response from DTI. To the extent that a response is deemed necessary, DTI admits that it is an employer as that term is defined in the applicable law, that it is engages in an industry affecting commerce, and that it employs more than fifteen employees.

**Administrative Prerequisites**

5.   DTI admits that it received from the Equal Employment Opportunity Commission ("EEOC") a Notice of Charge of Discrimination dated August 13, 2004 stating that Plaintiff had filed a charge of employment discrimination under Title VII with the District of Columbia Office of Human Rights ("DCOHR"), also dual-filed with the EEOC, alleging discrimination on the basis of race and national origin and retaliation. DTI is without information or knowledge sufficient to form a belief as to when Plaintiff actually filed this Charge. DTI denies the remaining averments set forth in Paragraph 5 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

6.   DTI admits that it received from the EEOC a Notice of Charge of Discrimination dated August 13, 2004 stating that Plaintiff had filed a charge of employment discrimination under Title VII with the DCOHR, also dual-filed with the EEOC, alleging discrimination on the basis of race and national origin and retaliation. DTI is without information or knowledge sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 6 of the Complaint. DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

7.   DTI admits that it received a communication from the DCOHR dated May 27, 2005 that stated that Plaintiff had withdrawn his Charge of Discrimination and that the DCOHR

3

had administratively closed the matter with no finding made on the merits. DTI is without information or knowledge sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 7 of the Complaint.

8. DTI admits that it received a communication from the DCOHR dated May 27, 2005 that stated that Plaintiff had withdrawn his Charge of Discrimination and that the DCOHR had administratively closed the matter with no finding made on the merits.

9. DTI is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 9 of the Complaint.

10. DTI is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of the Complaint, as DTI never received a copy of a Notice of Right to Sue Letter issued to Plaintiff.

11. The averments set forth in Paragraph 11 of the Complaint draw a legal conclusion and therefore require no response from DTI. To the extent that a response is deemed necessary, DTI denies the averments set forth in Paragraph 11.

**Jurisdiction and Venue**

12. The averments set forth in Paragraph 12 of the Complaint draw a legal conclusion and therefore require no response from DTI. To the extent that a response is deemed necessary, DTI admits that this Court has jurisdiction over this matter. DTI denies the remaining averments set forth in Paragraph 12. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

13. The averments set forth in Paragraph 13 of the Complaint draw a legal conclusion and therefore require no response from DTI. To the extent that a response is deemed necessary,

DTI admits that venue is proper in this Court. DTI denies the remaining averments set forth in Paragraph 12. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

## General Allegations

14.   DTI denies the averments set forth in Paragraph 14 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

15.   DTI denies the averments set forth in Paragraph 15 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI. DTI further denies that Plaintiff complained or made DTI aware of the alleged harassing and discriminatory conduct by James McGuire ("Mr. McGuire," incorrectly spelled in the Complaint as "Maguire").

16.   DTI admits that on or about December 10, 2003, two months after Plaintiff's termination and in response to a letter from DTI advising Plaintiff that he may be in violation of his post-termination obligations under his Sales Representative Agreement, Plaintiff sent DTI a copy of a newspaper article about al Qaeda suspects with Plaintiff's photograph superimposed on a picture in this article. DTI admits, upon information and belief, that Plaintiff alleges that Mr. McGuire created this item. DTI is without information or knowledge sufficient to form a belief as to Plaintiff's feelings and reactions to Mr. McGuire's actions. DTI denies the remaining averments set forth in Paragraph 16 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is

entitled to any damages or other relief against DTI. DTI further denies that Plaintiff complained or made DTI aware of the alleged harassing and discriminatory conduct by Mr. McGuire.

17. DTI denies the averments set forth in Paragraph 17 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI. DTI further denies that Plaintiff complained or made DTI aware of the alleged harassing and discriminatory conduct by Mr. McGuire.

18. DTI admits that Plaintiff and Mr. McGuire argued frequently and, on or about October 3, 2003, Plaintiff and Mr. McGuire engaged in a heated argument that culminated in Plaintiff slamming an office door so hard that he split the door in half lengthwise. DTI also admits that it has a policy prohibiting violence in the workplace, which Plaintiff violated. DTI denies the remaining averments set forth in Paragraph 18 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

19. The averments set forth in Paragraph 19 of the Complaint are vague and ambiguous as to what is referenced by "formal complaint." DTI admits that, on or about October 17, 2003, DTI terminated Plaintiff for repeated and continued inappropriate behavior in the workplace. DTI further admits that Plaintiff reported his version of his October 3, 2003 argument with Mr. McGuire to DTI. DTI denies the remaining averments set forth in Paragraph 19 of the Complaint.

### Count I- Unlawful Discrimination in Violated of Title VII- Against DTI

20. DTI incorporates by reference its responses to Paragraphs 1 through 19 of the Complaint as if set forth herein in their entirety.

21. DTI denies the averments set forth in Paragraph 21 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI. DTI further denies that it treated other employees differently for similar violations of employment policies.

22. The averments set forth in Paragraph 22 of the Complaint are vague and ambiguous as to what is referenced by "the aforementioned disciplinary policy." DTI denies the averments in Paragraph 22. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI. DTI further denies that it treated other employees differently for similar violations of employment policies.

23. DTI denies the averments set forth in Paragraph 23 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

24. The averments set forth in Paragraph 24 of the Complaint are vague and ambiguous as to what time period and group of employees are referenced. DTI denies the averments set forth in Paragraph 24 of the Complaint. Specifically, DTI denies that its policies and practices had an unlawful disparate impact on any protected group, that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

25. DTI denies the averments set forth in Paragraph 25 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

26.   DTI denies the averments set forth in Paragraph 26 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

27.   DTI denies the averments set forth in Paragraph 27 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

28.   The averments set forth in Paragraph 28 of the Complaint are vague and ambiguous as to what is referenced by "those similarly-situated." DTI denies the averments set forth in Paragraph 28 of the Complaint. Specifically, DTI denies that its policies and practices had an unlawful disparate impact on any protected group, that its policies and procedures were not job related or justified by business necessity, that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

29.   The averments set forth in Paragraph 29 of the Complaint are vague and ambiguous as to what is referenced by "said intentional acts." DTI denies the averments set forth in Paragraph 29 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

**Count II- Unlawful Retaliation in Violation of Title VII- Against Both DTI and Maguire**

30.   DTI incorporates by reference its responses to Paragraphs 1 through 29 of the Complaint as if set forth herein in their entirety.

31.   The averments set forth in Paragraph 31 of the Complaint are vague and ambiguous as to what is referenced by "the November incident," given that Plaintiff was

terminated on or about October 17, 2003. DTI admits that Plaintiff reported his version of his October 3, 2003 argument with Mr. McGuire to DTI. DTI further admits that its employment policies provide for investigation of complaints of harassment and discrimination. DTI denies the remaining averments set forth in Paragraph 31 of the Complaint. Specifically, DTI denies that it violated its internal policies, that it failed to investigate employee complaints, that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

32. DTI admits that it terminated Plaintiff for repeated and continued inappropriate behavior that included, but was not limited to, Plaintiff's October 3, 2003 argument with Mr. McGuire. DTI further admits that it has a progressive discipline policy and a policy prohibiting violence in the workplace. DTI denies the remaining averments set forth in Paragraph 32 of the Complaint. Specifically, DTI denies that it failed to follow its progressive discipline policy as to Plaintiff. DTI also denies that it never disciplined Mr. McGuire as a result of his October 3, 2003 argument with Plaintiff. Finally, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

33. DTI denies the averments set forth in Paragraph 33 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

**Count III- Violation of 29 U.S.C. § 1981- Against Both DTI and Maguire**

34. DTI incorporates by reference its responses to Paragraphs 1 through 33 of the Complaint as if set forth herein in their entirety.

35. DTI denies the averments set forth in Paragraph 35 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

36. The averments set forth in Paragraph 36 of the Complaint are vague and ambiguous as to what is referenced by "said intentional acts." DTI denies the averments set forth in Paragraph 36 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

**Count IV- Discrimination Under the DCHRA- Against Both DTI and Maguire**

37. DTI incorporates by reference its responses to Paragraphs 1 through 36 of the Complaint as if set forth herein in their entirety.

38. DTI denies the averments set forth in Paragraph 38 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

39. The averments set forth in Paragraph 39 of the Complaint are vague and ambiguous as to what is referenced by "said intentional acts." DTI denies the averments set forth in Paragraph 39 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

40. DTI denies the averments set forth in Paragraph 40 of the Complaint. Specifically, DTI denies that its policies had an unlawful disparate impact on any protected group, that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

### Count V- Unlawful Retaliation Under DCHRA- Against Both DTI and Maguire

41. DTI incorporates by reference its responses to Paragraphs 1 through 40 of the Complaint as if set forth herein in their entirety.

42. DTI denies the averments set forth in Paragraph 42 of the Complaint. Specifically, DTI denies that it violated any federal or state law, that it subjected Plaintiff to any unlawful treatment, or that Plaintiff is entitled to any damages or other relief against DTI.

### GENERAL DENIAL

43. Unless specifically admitted herein, DTI denies all of the allegations of fact contained in the Complaint.

WHEREFORE, DTI respectfully requests that:

1. Plaintiff takes nothing by his Complaint, and that the Complaint be dismissed in its entirety;

2. Judgment be entered in favor of DTI;

3. The Court award DTI its costs of litigation including reasonable attorneys' fees; and

4. The Court grant such other relief as is just and proper.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

To the extent that Plaintiff's claims are based on events alleged to have occurred more than one year before the filing of his charge of discrimination, such claims are time-barred.

### THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by his failure to comply with the procedural prerequisites to the suit.

### FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred because they are outside of the scope of Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission.

### FIFTH DEFENSE

Any employment actions taken, or not taken, with respect to Plaintiff did not violate state or federal law; rather, such actions were taken for legitimate, nondiscriminatory and nonretaliatory reasons.

### SIXTH DEFENSE

Plaintiff has failed to mitigate his alleged damages, the entitlement to which is expressly denied.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

### EIGHTH DEFENSE

DTI has a policy that prohibits discrimination and harassment, which it uniformly enforces. DTI exercised reasonable care to prevent and promptly correct any alleged discrimination or harassment, and Plaintiff unreasonably failed to avail himself of preventative and corrective opportunities provided by DTI or to otherwise avoid harm.

### NINTH DEFENSE

DTI's employment policies and practices are job related and consistent with business necessity.

## TENTH DEFENSE

DTI denies each and every averment of Plaintiff's Complaint not specifically admitted in its Answer.

Submitted this 20th day of December, 2005.

/s/ Stephen R. Smith
Stephen R. Smith
D.C. Bar No. 453719
Natalie Stewart Cortez
D.C. Bar No. 483272
**POWELL GOLDSTEIN, LLP**
901 New York Avenue, NW
Third Floor
Washington, DC 20001
(202) 347-0066
(202) 624-7222

**OF COUNSEL:**

Tricia A. Kinney
Georgia Bar No. 422102
Shay Ellen Zeemer
Georgia Bar No. 784310
**POWELL GOLDSTEIN, LLP**
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999
Attorneys for Defendant
Document Technologies, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB,<br>4856 Arlington Boulevard<br>Arlington, VA  22204,<br><br>    Plaintiff,<br><br>vs.<br><br>DOCUMENT TECHNOLOGIES, INC.,<br>2000 M. Street, N.W., Suite LL 03<br>Washington, DC  20036,<br><br>    and<br><br>JAMES MAGUIRE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:05CV01825<br><br>JUDGE:  Ricardo M. Urbina<br><br>DECK TYPE:  Employment Discrimination<br><br>DATE STAMP:  09/14/2005 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER TO COMPLAINT** was served on the following parties in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope, with adequate postage thereon, as follows:

> Howard N. Berliner
> BERLINER LAW FIRM, LLC
> 1920 N Street, N.W.
> Suite 300
> Washington, D.C.  20036

This 20th day of December, 2005.

/s/ Natalie Cortez
Natalie Cortez

ATL\945577\1