IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB <br><br> Plaintiff, <br><br> v. <br><br> DOCUMENT TECHNOLOGIES, INC. <br><br> -and- <br><br> JAMES MCGUIRE <br> 2310 BELLOW COURT <br> CROFTON, MD 21114 <br> 410-570-4700 <br><br> Defendants. | Case No. 1:05CV01825    (RMU) |

## DEFENDANT JAMES MCGUIRE'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

This Motion to Dismiss is on the exclusive behalf of Defendant James McGuire ("McGuire" or "Defendant") and does not apply or extend to Co-Defendant Document Technologies, Inc. ("Co-Defendant" or "DTI").

Defendant James McGuire, pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted hereby moves this Court to dismiss the following counts of the Complaint filed against him by Plaintiff Abderrahim Tnaib ("Tnaib" or "Plaintiff"): (1) Count II as it pertains to unlawful retaliation under Title VII; (2) Count III Violation of 29 U.S.C. § 1981[1]; and (3) Counts IV and V as they pertain to claims of

---

[1] Plaintiff's Count III in complaint states "*Violation of 29 U.S.C. §1981*"; there is no such code, I must assume that the plaintiff is referring to 42 U.S.C. § 1981. As such I will focus my argument on count III toward 42 U.S.C. § 1981.

RECEIVED

FEB 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

discrimination and retaliation respectively under the District of Columbia Human Rights Act ("DCHRA").[2]

DTI is essentially a reprographics company in which McGuire was employed from March 2003 until April 2004; he worked in the production department until he voluntarily resigned to take a more promising position. The production department is responsible for producing the work that the sales department brings into the shop from the customer. During McGuire's employment with DTI, he had never been subject to any disciplinary actions and had no idea that the Plaintiff supposedly believed he had been discriminated against, and instead understood that the Plaintiff had been terminated for a somewhat violent outburst in the office that had been witnessed by several DTI employees and resulted in the destruction of DTI property. McGuire files this motion, *pro se*, for the following reasons:

First, Count II - Unlawful Retaliation under Title VII: Plaintiff failed to state a valid claim upon which relief can be granted as there is no individual liability under Title VII.

Second, Count III – Violation of 42 U.S.C. § 1981: Plaintiff failed to state a valid claim upon which relief can be granted as no contract ever existed between Tnaib and defendant McGuire or an employment contract between Tnaib and Co-Defendant DTI.

Third, Count IV - Discrimination under DCHRA and Count V – Unlawful Retaliation under DCHRA: Plaintiff failed to state a claim upon which relief can be granted as the statute of limitation have long since expired to make such claims against McGuire in his individual capacity.

Fourth, Count II and Count V – Plaintiff fails to state a valid claim as they pertain to Retaliation as McGuire was not involved, in any way, in the decision to terminate Tnaib.

---

[2] Count I does not allege any claims against McGuire

Last, Count IV – Discrimination under DCHRA and Count V – Unlawful Retaliation under DCHRA: Plaintiff failed to state a claim upon which relief can be granted as there is no individual liability of a co-worker under DCHRA.

## PROCEDURAL BACKGROUND

On or about November 10, 2003, Tnaib was terminated by Scott Heon, (Managing Partner of the office and the direct supervisor of both McGuire and Tnaib) for inappropriate behavior in the workplace. *See* Complaint, ¶ 19. There are no alleged acts of discrimination that date after November 10, 2003.

On or about June 18, 2004, Plaintiff filed a charge of discrimination with the District of Columbia Office of Human Rights ("DCOHR") alleging unlawful discrimination based on his race, national origin, and retaliation. *See* Complaint, ¶ 5.

On or about August 4, 2004, Plaintiff files a charge of discrimination with DCOHR, which was dual filed with Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination based on his race, national origin, and retaliation. *See* Complaint, ¶ 6. DTI is the sole named party in the complaints filed with the DCOHR; James McGuire is not a named party. *See* Attachment A.[3] Thus no investigation or inquiry was conducted in respect to McGuire and as such is not entitled to receive a copy of the charges filed with the DCOHR.

On or about May 24, 2005, Plaintiff filed a completed form of Withdrawal of Charge of Discrimination with DCOHR, pursuant to D.C. Code § 2-1403.04(b), in order to request a Right to Sue Letter from the EEOC. *See* Complaint, ¶ 7.

---

[3] McGuire respectfully requests that the Court take judicial notice of this official government document concerning the complaint filed with the DCOHR, which is prominently referenced in the Plaintiff's legal complaint. Upon information and belief, during the 11 months that the DCOHR had receipt of the complaint, Counsel for the Plaintiff and Defendant DTI had significant settlement discussions before the DCOHR. Defendant McGuire was deprived of the opportunity to participate in such discussions.

On or about May 27, 2005, DCOHR administratively closed Plaintiff's Charge of Discrimination with no finding made on the merits of the allegations. *See* Complaint, ¶ 8.

On or about September 14, 2005, Plaintiff's complaint is filed with this court.

On or about December 1, 2005, McGuire received a copy of the complaint and is made aware at that point of the Plaintiff's allegations.

## ARGUMENT

A.  **Count II - Unlawful Retaliation under Title VII; Plaintiff failed to state a claim upon which relief can be granted as there is no individual liability under Title VII.**

As a matter of law, Title VII does not provide for individual liability and as such the Plaintiff cannot recover against a Defendant in his individual capacity. *See* Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995), cert. denied, 516 U.S. 1011 (1995). As such this count should be dismissed.

B.  **Count III – Violation of 42 U.S.C. § 1981: Plaintiff failed to state a claim upon which relief can be granted as no contract existed between Tnaib and McGuire and no employment contract existed between Tnaib and DTI.**

Plaintiff's claim of a violation of 42 U.S.C. § 1981 fails as there exists no contracts between any of the parties in the complaint. An employer can disclaim any implied contract exists in a handbook or manual. *See* Goos v. Nat'l Assoc. of Realtors, 715 F. Supp. 2 (D.D.C. 1989); Elliot v. Healthcare Corp., 629 A.2d 6, 8 n.2 (D.C. 1993); Smith v. ULLICO, 620 A.2d 265, 269 (D.C. 1993). *"The legal effect of any such disclaimer is, in the first instance, a question for the court." See* Goos, 715 F. Supp. at 4.

The DTI Human Resources Policy Manual for Managers and Employees ("the Manual"), created January 2000 to which all DTI employees and managers are given and governed under, and that the plaintiff is obviously aware of; as he quotes from this same manual in his complaint; states in very clear and in unambiguous language that no employment contract exists between

4

any employee or manager and DTI.[4]  At no time did Tnaib (or McGuire) ever enter into a verbal or written contract, and Tnaib has not and cannot credibly allege that he was anything other than an employee at will.  Moreover, McGuire was Tnaib's co-worker and neither was in a capacity to construct any formal written or verbal agreements, contracts or conditions.  As such this count should be dismissed against McGuire.

C.  **Count IV – Discrimination under DCHRA and Count V – Unlawful Retaliation under DCHRA: Plaintiff failed to state a claim upon which relief can be granted as the statute of limitations has expired.**

The one year statute of limitations has expired on Tnaib's claims under DC Human Rights Law, D.C. Code Title 1 Chapter 25 § 1-2556 rule *"A private cause of action pursuant to this act shall be filed in a court of competent jurisdiction within one year of the unlawful discriminatory practice, or the discovery thereof. The timely filing of a complaint with the Office shall toll the running one year statute of limitations while the complaint is pending before the Office."* There are no alleged acts of discrimination in the complaint that date after November 10th 2003.  Although a complaint was filed with the DCOHR on or about June 18, 2004, *See* Complaint, ¶ 5, and then again on August 4th 2004, *See* Complaint, ¶ 6, the complaints were filed against co-defendant DTI solely and exclusively.  Defendant McGuire is not a named party in either of the complaints, *See* Attachment A, and therefore the complaints filed solely against DTI does not toll the running of the one-year statute of limitations with respect to Defendant McGuire.

---

[4] In several passages of the Manual, DTI states that no contract exists and that employment is strictly at-will for example; *"This Human Resources Policy Manual is not intended to create an implied nor expresses contract or guarantee of employment or contractual obligation between the Company and its employees. Thus, employment at DTI is for no specific period of time and this manual does not limit either the employee's right or the Company's right to terminate the employment relationship at any time."* See Attachment B; and *"The Company's policies and procedures are not intended to create, and do not create, an employment contract (either expressed or implied) or a guarantee of continued employment for any employee; nor does anything in this manual or any policy or work rule of the Company alter the at-will employment relationship between the Company and its employees."* See Attachment C.

The fact that McGuire was not advised of, much less named in, the DCHRA complaint has resulted in significant prejudice to McGuire as he was deprived of any opportunity to participate in the DCOHR proceedings. The proceedings supposedly included significant mediation proceedings to resolve this matter and avoid this litigation.

The legal complaint which names Defendant McGuire was not filed until on or about September 14th 2005, over 22 months after Tnaib's termination, and well beyond the one year statute of limitations. As such these counts should be dismissed.

D.  **Count II - Unlawful Retaliation under Title VII and Count V - Unlawful Retaliation under DCHRA: Plaintiff fails to state a valid claim as they pertain to Retaliation.**

Tnaib's sole claim of retaliation in his complaint is the adverse employment action of his termination as described in the following sentences: (*See* Complaint, ¶ 19, *"On or about November 10, 2003, Tnaib was terminated by Heon for "inappropriate behavior" in the workplace."*); (*See* Complaint, ¶ 21, *"Defendant intentionally discriminated against Tnaib by terminating his employment on the basis of race, color, national origin, ethnic traits associated with his national origin, and in retaliation for complaining about Maguire's* [sic] *harassment of him."*); (*See* Complaint, ¶ 32, *"Heon told Tnaib his employment was being terminated for his "inappropriate behavior" towards Maguire* [sic]*"*). Tnaib's complaint does not directly or suggestively implicate McGuire having played any role in the decision to terminate Tnaib's employment. McGuire was merely a co-worker of Tnaib and was not in a position to alter his work condition in any way, including his termination. The decision and execution of Tnaib's termination of employment with DTI was solely one of Tnaib's manager, Scott Heon acting as a representative of DTI. As such these counts should be dismissed.

E.  **Count IV – Discrimination under DCHRA and Count V – Unlawful Retaliation under DCHRA: Plaintiff failed to state a claim upon which relief can be granted as there is no individual liability of a co-worker under DCHRA.**

DCHRA is clear that acts of employment discrimination can only be perpetrated "By an employer", "By an employment agency", or "By a labor organization." *See* D.C. Code § 2-1402.11(a), (1) (2) and (3) (2002). The DC Courts have concluded that unlike Title VII, individual supervisors can be held liable under DCHRA, primarily because of the broad description of an employer which is defined as: *See* D.C. Code § 2-1401.02(10) (2002). (*"'Employer' means any person who, for compensation, employs an individual, except for the employer's parent, spouse, children or domestic servants, engaged in the work in and about the employer's household; **any person acting in the interest of such employer, directly or indirectly;** and any professional association."*) This would appear to include everyone who collects a paycheck and works for an employer, from the most entry-level hourly employee all the way up to the C.E.O. But this is not the case; as the D.C. Code also defines an employee as follows: *"'Employee' means any individual employed by or seeking employment from an employer."* *See* D.C. Code § 2-1401.02(9) (2002). If everyone is an employer then there are no employees, and thus would not need to be defined.

Although this is an area of the code that needs further definition as to where the line between employer and employee lies, the courts have unanimously concluded individual liability has been limited to the aggrieved party's direct or indirect superior. *See* Lance v. United Mine Workers of America 1974 Pension Trust, 400 F. Supp. 2d 29 (D.D.C. 2005), citing MacIntosh v. Building Owners & Managers Association International, et al., 355 F. Supp. 2d 223 (D.D.C. 2005) ("MacIntosh II"), *"which concluded that supervisors may be held individually liable under the DCHRA, D.C. Code §§ 2-1401.01, et seq."* and *"Judge Sullivan then concluded that the DCHRA indeed provides for recovery from individual supervisors, such as the executive director*

7

*and vice president of a corporate entity who were named individually in MacIntosh I and MacIntosh II. The results in MacIntosh II is also in keeping with this Court's earlier decision in Russ v. Van Scoyoc Assocs., 59 F. Supp. 2d 20 (D.D.C. 1999), in which this court held that under DCHRA a supervisor could be sued in his individual capacity".* Id. The District of Columbia Court of Appeals also released its official opinion of individual liability finding that partners in a law firm could be held individually liable. *See* Wallace v. Skadden, Arps, Slate, Meagher & Flom, 715 A.2d 873, 888 (D.C. Cir. 1998). *"Where, as here, the employer is a law partnership, the phrase 'any person acting in the interest of such employer, directly or indirectly' necessarily includes a partner. Indeed, if the quoted language italicized in Section 1-2502(10)* (cite omitted) *does not extend to a partner in a law firm, it is difficult to conceive of any person to whom it would apply."*

In case after case the individual liability has been limited to the direct or indirect superior of the aggrieved party; a person that was able to modify the party's employment status, work condition, compensation, termination etc.[5] There simply is no precedent in any Court in the District of Columbia in which a co-worker is suing or has sued a fellow employee and co-worker for discrimination and retaliation under the DCHRA. As such these counts should be dismissed.

---

[5] Russ v. Van Scoyoc Assocs., 59 F.Supp. 2d 20 (D.D.C. 1999) and Russ v. Van Scoyoc Assocs., 122 F. Supp. 2d 29 (D.D.C. 2000) - The individual liability in question was the name-sake and President of the company and the plaintiff was a Staff Assistant.
   Gardner v. Benefits Communications., 336 U.S. App. D.C. 1; 175 F.3d 155 (1999) - The individual liability in question was the plaintiff's immediate supervisor and defendant's direct supervisor.
   Blake v. Professional Travel Corp., 768 A.2d 568 D.C. App. LEXIS 53 (2001) - The individual liability in question was the plaintiff's immediate director that hired and terminated the plaintiff, a Travel Agent.
   Martini v. Federal National Mortgage, 977 F.Supp. 464 (D.D.C. 1997) - The individual liability in question was the plaintiff's Senior Vice President and Vice President / direct supervisor.
   Lance v. United Mine Workers of America 1974 Pension Trust, 400 F.Supp. 2d 29 (D.D.C. 2005) - The individual liability in question were the Trustees, an Executive Director and the Comptroller, all of whom were directly above the plaintiff, a Senior Manager.
   MacIntosh v. Building Owners & Managers Association International, et al., 355 F. Supp. 2d 223 (D.D.C. 2005) - The individual liability in question were the Executive Director and Vice President and were the direct supervisors of the plaintiff, a Director of Research.

This conclusion is consistent with Title VII, and DCHRA's provisions limiting liability to those who actually control the work place (i.e., employers, employment agencies, and labor organizations).

## CONCLUSION

For the aforementioned reasons, this Court should grant Defendant James McGuire's Motion to Dismiss and grant such further relief as this Court deems just.

James J. McGuire

*[signature]*

James J. McGuire
*PRO SE*[6]
2310 Bellow Court
Crofton, MD 21114
(410) 570-4700

DATED: February 24, 2006

---

[6] Given that I am unable to afford counsel, I am proceeding *Pro Se* in defending myself. I do not have a legal background or graduated college, and am therefore in the process of attempting to obtain additional case law to support this motion.