**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABDERRAHIM TNAIB )<br>4856 Arlington Boulevard )<br>Arlington, VA 22204 )<br> ) <br>            Plaintiff, )<br>     vs. )<br> )<br>DOCUMENT TECHNOLOGIES, INC. )<br>2000 M Street, N.W., Suite LL 03 )<br>Washington, DC 20036 )<br> )<br>     -and- )<br> )<br>JAMES McGUIRE )<br>2310 Bellow Court )<br>Crofton, MD 21114 )<br> )<br>            Defendants. )<br>_____) | Case No.   1:05CV01825 (RMU) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT JAMES McGUIRE'S**
**MOTION TO DISMISS**

   This lawsuit is brought on behalf of the Plaintiff against Defendants for their engaging in a pattern and practice of acts that have discriminated against him in his employment on account of his race, color, national origin and ethnic characteristics associated with his national origin. Defendants have also applied several of its policies against Plaintiff in a disparate manner based upon his race, color, national origin and ethnic characteristics associated with his national origin. Defendants' policies and practices have resulted in the disparate treatment of Plaintiff which ultimately caused his wrongful termination.

**ARGUMENT**

   "A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted." Doe v. United States Dept. of Justice, 753 F.2d 1092,

1102 (D.C.Cir. 1985), citing 2A Moore's Federal Practice 12.08 (2d ed. 1948 & Supp. 1984). For the purposes of such a motion, the facts alleged in the complaint must be accepted as true, and *all* factual inferences, ambiguities or doubts concerning the sufficiency of a claim are to be drawn in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1979)(emphasis added); Doe, 753 F.2d at 1102.

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). The issue on a motion to dismiss "is not whether . . . plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

As the plaintiff's Complaint provides sufficient information to entitle him to pursue his claims, the defendant James McGuire's Motion to Dismiss must be denied.

## I.   PLAINTIFF'S ALLEGATIONS THAT DEFENDANT McGUIRE'S UNLAWFUL DISCRIMINATORY ACTS VIOLATED 42 U.S.C. § 1981 ARE SUFFICIENT TO SURVIVE A MOTION TO DISMISS

Plaintiff was an at-will employee of Defendant Document Technologies, Inc. (DTI) from April 2001 until November 2003. Pursuant to DTI's Human Resources Policy Manual for Managers and Employees, Policy Number 101, "All employees at DTI are employed at will", and that, "The Company's policies and procedures are not intended to create, and do not create an employment contract (either express or implied)". *See* Attachment C, Defendant McGuire's Motion to Dismiss. Contrary to Defendant DTI's Policy Manual and Defendant McGuire's erroneous assertion that plaintiff's claims under § 1981 "fails as there exists no contracts between any of the parties in the complaint", a contract did in fact exist as soon as plaintiff's employment commenced with DTI.

At-will employees may sue under § 1981. The employee's promise to perform work for the employer, as consideration for the employer's promise to pay the employee, constitutes a

contract within the meaning of §1981. Skinner v. Maritz, Inc. 253 F.3d 337 (8th Cir. 2001); Lauture v. International Business Machines Corp., 216 F.3d 258 (2d Cir. 2000); Spriggs v. Diamond Auto Glass, 165 F.3d 1015 (4th Cir. 1999); Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc. , 160 F.3d 1048, (5th Cir. 1998). These courts have held that at-will employment, though capable of being terminated by either party at any time, is nonetheless a contractual relationship. Walker v. Abbott Laboratories, 340 F.3d 471 (7th Cir. 2003). Moreover, District of Columbia law recognizes that contractual terms may be implied from an employee handbook or manual. Washington Welfare Association Inc. v. Wheeler, 496 A.2d 613, 615 (D.C. 1985); McConnell v. Howard University, 260 U.S. App. D.C. 192, 818 F.2d 58, 62-63 (D.C. Cir. 1987); Greene v. Howard University, 134 U.S. App. D.C. 81, 412 F.2d 1128, 1132 (D.C. Cir. 1969). Lastly, "whether a personnel manual creates contractual rights for the employee is a question for the jury." Wheeler, 496 A.2d at 615.

Historically, Section 1981 was passed under the Civil Rights Act of 1866 to implement the 13th Amendment and to prohibit all discrimination based on race. *See* Jett v. Dallas Independent School District, 491 U.S. 701, 713-714, 105 L. Ed. 2d 598, 109 S. Ct. 2702 (1989). As construed by the courts for many years, § 1981 provided protection only to the process of *making* the employment contract, and therefore did not give rise to claims of racial or ethnic discrimination that occurred *during* the contractual relationship. *See* Patterson v. McLean Credit Union, 491 U.S. 164, 176, 105 L. Ed. 2d 132, 109 S. Ct. 2363 (1989). However, the Civil Rights Act of 1991 broadened § 1981 to include performance of the contract as part of the phrase "make and enforce contracts." *See* 42 U.S.C. § 1981(b). Thus, acts of discrimination that occur at any time during the contractual relationship can also give rise to liability under § 1981.

Defendant McGuire's avers that he was plaintiff's "co-worker and neither was in a capacity to

construct any formal written or verbal agreements, contracts, or conditions" and intimates that he should have no individual liability under § 1981. Ostensibly, the issue of whether § 1981 provides for individual liability has not been clearly resolved among the circuits. In <u>Hicks v. IBM et al.</u>, 44 F.Supp 2d 593 (S.D.N.Y. 1999), a case factually similar to the case at hand involving racial and national origin discrimination by a non-supervisory co-worker on a fellow employee, the court analyzed the rationale in <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295 (2d Cir. 1995) and held that there may be individual liability under § 1981.

In <u>Tomka</u>, the court concluded that Title VII of the Civil Rights Act of 1964 did not contemplate imposing liability on individuals employed by an "employer." After analyzing the legislative history of Title VII, the court rationalized that finding individual liability would lead to results that Congress never intended. *See* <u>id</u> at 1314. There is no mention, for example, of agency liability in the floor debates, implying that Congress did not contemplate it under Title VII. *See id.* Further, the court found that Congress could not have meant to create a situation where the plaintiff could settle with the employer and leave the defendant employees to bear the burden of the judgment. *See <u>id.</u> at 1315.*

The individual employee defendant in <u>Hicks</u> argued that this rationale applies equally to the amendments to § 1981 and asserted that Congress could not have intended to expose individuals to liability by adding "performance" under § 1981 when they could not be held liable under Title VII. In effect, the argument would rather conveniently be that § 1981 is co-extensive with Title VII in the area of employment contracts. In reaching its conclusion that Title VII did not contemplate individual liability, the court in <u>Tomka</u> took pains to distinguish § 1981 from Title VII. Title VII, for example, established limitations on damages according to employer size -- exempting employers with less than fifteen employees. *See* <u>Tomka,</u> 66 F.3d at 1315<u>.</u> Thus, the

4

court reasoned that if Congress had intended to encompass individual liability under Title VII, it would have included individuals in the calibrations and discontinued the exemption. *See id.*

The court in Hicks recognized that Title VII and § 1981 give rise to distinct causes of action and that the Tomka majority also acknowledged the dissent's note that employer-entities and *their agents* can face unlimited liability under 42 U.S.C. § 1981. *See* Tomka, 66 F.3d at 1316. Moreover, the court was cognizant of the significant differences in the statutory enforcement mechanism, coverage, and remedial provisions of § 1981, as distinguished from Title VII, which reveal that the breadth of one statute provides no support for divining the intent of Congress in limiting the coverage of the other." Id. at 1317.  The court's analysis of the distinction between Title VII and § 1981 and its affirmation of the "breadth" of the latter, resulted in their holding that individual employees can be held liable under § 1981.  *See also* Whidbee v. Garzarelli Food Specialities, Inc., 223 F.23 62  (2nd Cir. 2000).

## CONCLUSION

Based on the foregoing, the defendant's Motion to Dismiss should be denied.

Date:  March 13, 2006                                          Respectfully submitted,

/s/ Howard N. Berliner
_____
Howard N. Berliner (D.C. Bar No. 451314)
BERLINER LAW FIRM, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036
(202) 429-0399

**Attorney for Plaintiff**

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of March 2006, a copy of the foregoing Plaintiff's Opposition to Defendant James McGuire's Motion to Dismiss was mailed first-class, postage pre-paid, to:

>James McGuire
>2310 Bellow Court
>Crofton, MD  21114
>
>Stephen R. Smith, Esquire
>POWELL GOLDSTEIN LLP
>901 New York Avenue, N.W.
>Third Floor
>Washington, D.C.  20001

>/s/ Howard N. Berliner
>_____
>Howard N. Berliner, D.C. Bar No. 451314