IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOCUMENT TECHNOLOGIES, INC. )<br>)<br>-and- )<br>)<br>JAMES MCGUIRE )<br>)<br>)<br>Defendants. )<br>) | Case No. 1:05CV01825   (RMU) |

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JAMES MCGUIRE'S MOTION TO DISMISS

Defendant James McGuire ("McGuire" or "Defendant") acting as a *Pro Se* litigant offers the following Reply to the Plaintiff's Opposition to McGuire's Motion to Dismiss ("Opposition") the counts of the Complaint filed against him in his individual capacity by Plaintiff Abderrahim Tnaib ("Tnaib" or "Plaintiff").

McGuire respectfully requests that the Court take notice of the fact that the Plaintiff does not address Defendant's Motion to Dismiss Counts II, IV or V; as such, these Counts should be considered as unopposed. The Plaintiff instead focuses solely on Count III of the Complaint: Violation of 42 U.S.C. § 1981. In an effort not to waste the Courts valuable time, this Reply will focus on that one remaining count.

RECEIVED

MAR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
    U.S. DISTRICT COURT

## **DEFENDANT'S ARGUMENT FOR COUNT III DISMISSAL**

Defendant concedes that the existence of a contract *may possibly* be construed between an at-will employee and an employer. In this case, this would be between Tnaib and Document Technologies, LLC ("DTI"). Defendant, however, reaffirms the fact that he was a co-worker of Tnaib and not his supervisor, nor was he a superior to Tnaib in his chain of command. Nothing in the Plaintiff's Complaint or Opposition alleges or suggests differently. Defendant as a co-worker was not in a position to construct any formal written or verbal agreements, contracts, or conditions with the Plaintiff. More importantly, Defendant was not in a position to make, alter, modify, enforce or terminate any contracts construed between Plaintiff and DTI. Defendant McGuire's Motion to Dismiss can and should be granted solely on this basis. While DTI's employment at will relationship with Tnaib may give rise to a contract, that contract was not between McGuire and Tnaib.

Plaintiff does not in fact deny that McGuire was only Tnaib's co-worker and not his manager or supervisor but instead rests his opposition on cases outside of the District of Columbia to suggest that individual liability extends to non-supervisory co-workers. <u>Opposition pg. 4 ¶1</u>:

> "Ostensibly, the issue of whether § 1981 provides for individual liability has not been clearly resolved among the circuits. In <u>Hicks v. IBM</u>, 44 F.Supp 2d 593 (S.D.N.Y. 1999), a case factually similar to the case at hand involving racial and national origin discrimination by a non-supervisory co-worker on a fellow employee, the court analyzed the rationale in <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1296 (2d Cir. 1995) and held that there may be individual liability under § 1981."

McGuire understands that this Court is not obligated to follow the opinions of courts outside the District. This is especially true giving that this Court's decisions already indicate that individual liability under § 1981 should be limited to the individual that supervised the plaintiff.

2

Macintosh v. Building Owners & Managers Association International, 355 F. Supp. 2d 223 (D.D.C. 2005) ("MacIntosh II"), citing Santiago v. City of Vineland, 107 F. Supp. 2d 512, 541 (D.N.J. 2000) (citations omitted): "The court thus held that individual *supervisors* could be sued under § 1981, even if they could not be sued under Title VII." (emphasis added). Sheppard v. Dickstein, Shapiro, Morin & Oshinsky, 59 F. Supp.2d 27 (D.D.C. 1998): "For the foregoing reasons, and based on the case law cited by the plaintiff, the Court holds that individual *supervisors* can be sued under 42 U.S.C. § 1981." (emphasis added).

An examination of the three cases that the Plaintiff offers in his Opposition also support a holding that individual liability is limited to individual *supervisors* with the power to *make and enforce* contracts on behalf of the employer. For example, the Plaintiff's assertion that Hicks v. IBM, 44 F. Supp 2d 593 (S.D.N.Y. 1999) is "a case factually similar to the case at hand involving racial and national origin discrimination by a non-supervisory co-worker on a fellow employee" is inaccurate. Hicks is easily distinguishable in that the plaintiff therein sued two supervisors and two vice presidents for race discrimination under § 1981. ("However, Plaintiff alleges in her Complaint that Defendant Ricker and Walker are her supervisors and that Defendants Sinnott and Frase are Principal Agents of IBM. These facts, accepted as true, are sufficient to support a claim that they have the authority to terminate her." *Id.* at 600) ("Plaintiff alleges that Defendants exercised supervisory authority over Plaintiff (Complt. ¶ 41), and that the Defendants Sinnott and Frase are Principal Agents of the employer, IBM (Complt. ¶¶ 3,4). The question of whether the individual Defendants have a capacity to make and enforce contracts, thereby subjecting them to potential liability under § 1981, survives Defendants' motion to dismiss." *Id.* at 598). Hicks conclusion as to the individual liability under § 1981 is best summed up by the following:

3

"However, individual liability under § 1981 is not without limits. In each of the cases that have allowed individual liability, the individuals have been supervisors who were personally involved in the discriminatory activity. *See* Ayton 1997 WL 10000, at *8; Northup 1998 WL 118145, at *3; Amin v. 919 F.Supp. at 78. See also Richard v. Bell Atlantic Corp., 946 F.Supp. 54, 74 (D.C. 1996) *(holding that officers, directors and employees of corporation may be held personally liable when they intentionally infringe on § 1981 rights);* Leige v. Capital Chevrolet, Inc., 895 F.Supp. 289, 293 (M.D.Ala. 1995) *(holding individuals with the capacity to hire and fire or make recommendations to those decisions are subject to liability). That limitation gives meaning to the statutory "make and enforce" language; those who can be held liable are those who have the authority to act on behalf of an employer in making and enforcing the employer's contracts. To the same effect is the Fifth Circuit's decision in* Bellows v. Amoco Oil Co., 118 F.3d 268, 274 (5th Cir. 1997). *In* Bellows, *the court narrowed the holding of* Faraca v. Clements, 506 F.2d 956, 959 (5th Cir. 1975), *where the Director of the Georgia Retardation Center was subject to liability under § 1981 only when they are essentially one and the same. See* Bellows, *118 F.3d at 274. The director was acting on the behalf of the state; his hiring decision was indistinguishable from that of the employer.* See id. *Thus, individuals should be held liable under § 1981 only when they are essentially one and the same with the employer; that is when they have the capacity to make and enforce the contract between the employer and the employee."* Id. 597-598

Plaintiff also cites Tomka v. Seiler Corp, 66 F.3d 1295 (2d Cir. 1995), a case which held that there was no individual liability under Title VII. The issue before the Tomka Court was not one of individual liability under §1981. The Court was very clear that its holding should not be extended to § 1981: "The fact remains, however, that we are concerned here with an interpretation of Title VII, not § 1981." *Id.* at 1316. Any attempt to read more into the case is based on pure dicta.[1]

---

[1] It should be noted that both the District and Circuit court held that that there was no individual liability for Tomka's supervisors. They never reached the issue of whether a nonsupervisor could be liable under Title VII. The holding by the Second Circuit was that even "individual defendants with supervisory control over a plaintiff may not be held to be personally liable under Title VII." *See* id. at1313 Thus, even if *Tomka* is *incorrectly* read to suggest that there is individual liability *under § 1981,* the *Tomka's* Court's analysis must be limited to potential individual liability for a *supervisor.* All of that analysis is based on the assumption that the defendant was a supervisor. (Tomka's supervisor allegedly "convened a business dinner and ordered that she join him....*"*; Tomka "attended this December 6 dinner because [her supervisor] had instructed her to..."; her supervisor "repeatedly ordered drinks for [her] and insisted that she drink with the others;" and a second supervisor escorted her into the back seat of the first supervisor's car and raped her.) Even if the *Tomka* Court had determined that there was individual liability for a

4

Plaintiff also attempts to prove that there is individual liability under § 1981 by citing Whidbee v. Garzarelli Food Specialties, Inc, 223 F.23 62 (2nd Cir. 2000), Plaintiff fails to disclose that the individuals in question in this case are the owners of the business and clearly able to *make and enforce* contracts. A co-worker referenced in the case as having been the cause of the racially offensive comments was not named in the suit. Thus, the Court did not weigh the merits of individual liability of a co-worker in this case. The Court did, on the other hand, cite Hicks findings in Whidbee. "In each of the cases that have allowed individual liability [under § 1981], the individuals have been supervisors who were personally involved in the discriminatory activity." (internal quotation marks omitted). *Id.* at 75.

## SUMMARY

Plaintiff does not and cannot state or imply that McGuire was anything other than a fellow employee; a co-worker with no supervisory authority over the Plaintiff. As such McGuire cannot make, alter, modify, enforce or terminate any construed contracts between Plaintiff and DTI.

Termination of Tnaib occurred after a door slamming incident, which resulted in the destruction of DTI property and was witnessed by several employees. Answer of Defendant Document Technologies, LLC ("Answer") ¶ 18: "[O]n or about October 3, 2003, Plaintiff and Mr. McGuire engaged in a heated argument that culminated in the Plaintiff slamming an office door so hard that he split the door in half lengthwise." This is an incident that the Plaintiff acknowledges in his Complaint. ("Tnaib hastily retreated away from the approaching

---

(Continued)

supervisor under § 1981, there is no reason to believe that such individual liability would have been extended to a non-supervisor.

Maguire,(sic) and in doing so slammed an office door behind him." Complaint, ¶ 18); ("DTI admits that it terminated Plaintiff for repeated and continued inappropriate behavior that included, but was not limited to, Plaintiff's October 3, 2003 argument with Mr. McGuire." Answer ¶ 32); ("On or about November 10, 2003,[2] Tnaib was terminated by Heon for 'inappropriate behavior' in the workplace." Complaint, ¶ 19). ("Heon told Tnaib his employment was being terminated for his 'inappropriate behavior' towards Maguire [sic]." Complaint, ¶ 32).

Plaintiff's complaint does not directly or indirectly implicate McGuire as having played any role in the decision to terminate Tnaib's employment. McGuire was merely a co-worker of Tnaib and was not in a position to alter his work condition in any way, up to and including his termination. The decision and execution of Tnaib's termination of employment with DTI was solely one of Tnaib's supervisor, Scott Heon, acting as an authorized agent of DTI and a person that was in a position to make, enforce and terminate any alleged and/or construed employment contracts on behalf of the employer DTI. Thus, McGuire cannot be individually liable under § 1981.

## CONCLUSION

For the aforementioned and following reasons, this Court should grant Defendant James McGuire's Motion to Dismiss and grant such further relief as this Court deems just.

1. Count II – Unlawful Retaliation under Title VII (There is no individual liability under Title VII) Plaintiff Unopposed

---

[2] Exact date of termination appears to be in dispute. Plaintiff alleges the date of termination was "On or about November 10, 2003" Complaint ¶ 19; While DTI contends that Tnaib's termination occurred "on or about October 17, 2003) Answer ¶ 2. McGuire recalls being informed of DTI's decision to terminate Tnaib in an announcement made by Scott Heon to the entire staff in October 2003 but does not recall the exact date.

6

2. Count III – Violation of 42 USC § 1981 (No individual liability of a non-supervisory individual) Plaintiff Opposition aside

3. Count IV – Discrimination under DCHRA (Defendant McGuire for all intensive purposes is an employee and as such cannot perpetrate employment discrimination; alternatively, if the Court deems McGuire can be construed as an employer simply because of the overly broad DCHRA employer definition; then McGuire should be granted the same rights and privileges of any other employer and these claims are subject to the same statute of limitations which has since past the one year expiration.) Plaintiff Unopposed

4. Count V – Unlawful Retaliation under DCHRA respectively. (Same as point 3 and in addition Complaint utterly fails to state any claim of retaliation on the part of McGuire.) Plaintiff Unopposed

Respectfully,

James J. McGuire

*[signature: James J. McGuire]*
James J. McGuire
**PRO SE**
2310 Bellow Court
Crofton, MD 21114
(410) 570-4700

DATED: March 21, 2006

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of March 2006 U.S. First-Class Mail, postage prepaid, upon the following counsel of record, served a copy of the foregoing Defendant's Reply to the Plaintiff's Opposition to Defendant James McGuire's Motion to Dismiss:

Howard N. Berliner, Esq.
1920 N Street, N.W. Suite 300
Washington, D.C. 20036

*Attorney for Plaintiff Abderrahim Tnaib*

Powell Goldstein, LLP
Attn: Tricia Kinney
One Atlantic Center 14th Floor
1201 West Peachtree Street N.W.
Atlanta, GA 30309

*Attorney for Defendant Document Technologies, Inc.*

James J. McGuire