**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABDERRAHIM TNAIB )<br>4856 Arlington Boulevard )<br>Arlington, VA 22204 )<br>          )<br>          Plaintiff, )<br>     vs. )<br>          )<br>DOCUMENT TECHNOLOGIES, INC. )<br>2000 M Street, N.W., Suite LL 03 )<br>Washington, DC 20036 )<br>          )<br>     -and- )<br>          )<br>JAMES McGUIRE )<br>2310 Bellow Court )<br>Crofton, MD 21114 )<br>          )<br>          Defendants. )<br>_____ ) | Case No.   1:05CV01825 (RMU) |

**PLAINTIFF'S SURREPLY TO DEFENDANT JAMES McGUIRE'S REPLY TO OPPOSITION TO MOTION TO DISMISS**

Plaintiff Abderrahim Tnaib ("Plaintiff"), by and through undersigned counsel, hereby replies to Defendant James McGuire's ("Defendant McGuire" or "McGuire") Reply to Plaintiff's Opposition to Defendant James McGuire's Motion to Dismiss.

This lawsuit is brought on behalf of the Plaintiff against Defendants Document Technologies, Inc. ("DTI") and James McGuire for their engaging in a pattern and practice of acts that have discriminated against him in his employment on account of his race, color, national origin and ethnic characteristics associated with his national origin. Defendants have also applied several of its policies against Plaintiff in a disparate manner based upon his race, color, national origin and

ethnic characteristics associated with his national origin. Defendants' policies and practices have resulted in the disparate treatment of Plaintiff which ultimately caused his wrongful termination.

## ARGUMENT

"A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted." Doe v. United States Dept. of Justice, 753 F.2d 1092, 1102 (D.C.Cir. 1985), citing 2A Moore's Federal Practice 12.08 (2d ed. 1948 & Supp. 1984). For the purposes of such a motion, the facts alleged in the complaint must be accepted as true, and *all* factual inferences, ambiguities or doubts concerning the sufficiency of a claim are to be drawn in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1979)(emphasis added); Doe, 753 F.2d at 1102.

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). As the Court articulated in Scheuer, " [T]he issue on a motion to dismiss "is not whether . . . plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." The Court went on to state that when a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. The Court recognized that while it may appear on the face of the pleadings that a recovery is very remote and unlikely that is not the test. Moreover, the Court averred, "it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer, 416 U.S. at 236.

Plaintiff's Complaint provides sufficient information to entitle him to pursue his claims, and pursuant to Scheur, he is entitled to offer evidence to support his claims. In sum, Defendant James McGuire's Motion to Dismiss must be denied.

**I.     DEFENDANT JAMES McGUIRE EXERCISED SUPERVISORY AUTHORITY OVER PLAINTIFF ON A DAILY BASIS AND HIS DISCRIMINATORY ACTS WERE IN VIOLATION OF 42 U.S.C. § 1981**

At-will employees may sue under § 1981. The employee's promise to perform work for the employer, as consideration for the employer's promise to pay the employee, constitutes a contract within the meaning of §1981. Skinner v. Maritz, Inc. 253 F.3d 337 (8th Cir. 2001); Lauture v. International Business Machines Corp., 216 F.3d 258 (2d Cir. 2000); Spriggs v. Diamond Auto Glass, 165 F.3d 1015 (4th Cir. 1999); Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc. , 160 F.3d 1048, (5th Cir. 1998). These courts have held that at-will employment, though capable of being terminated by either party at any time, is nonetheless a contractual relationship. Walker v. Abbott Laboratories, 340 F.3d 471 (7th Cir. 2003). Moreover, District of Columbia law recognizes that contractual terms may be implied from an employee handbook or manual. Washington Welfare Association Inc. v. Wheeler, 496 A.2d 613, 615 (D.C. 1985); McConnell v. Howard University, 260 U.S. App. D.C. 192, 818 F.2d 58, 62-63 (D.C. Cir. 1987); Greene v. Howard University, 134 U.S. App. D.C. 81, 412 F.2d 1128, 1132 (D.C. Cir. 1969). Lastly, "whether a personnel manual creates contractual rights for the employee is a question for the jury." Wheeler, 496 A.2d at 615. Moreover, Defendant McGuire admits, "that the existence of a contract *may possibly* be construed between an at-will employee and an employer." (Defendant McGuire's Reply to Plaintiff's Opposition to Motion to Dismiss, p.2, para.1, ln.1) This being said, acts of discrimination that occur at any time during the contractual relationship give rise to individual liability under § 1981.

Defendant McGuire exercised supervisory authority over Plaintiff on a daily basis. McGuire served as the "Production Manager" at DTI's Washington branch office, and was responsible for managing the production of all client work orders as well as managing all the DTI employees

3

involved with this effort. Plaintiff, as "Senior Account Manager", was a sales professional responsible for procuring new client accounts and servicing existing DTI clients in all of their document production needs. Since McGuire was in charge of and controlled the entire operations for the production of client work product, specifically, the reproduction of documents, he also exercised a significant amount of management authority over the sales personnel who were generating the work orders for production. McGuire possessed the actual and apparent authority as well as the discretion for production priorities and timetables and this directly affected the sales force and their relationship with clients. Moreover, McGuire worked closely with Scott Heon, the Managing Partner of DTI's Washington office, who he regularly was able to provide managerial input to regarding human resources and production decisions. McGuire's managerial input and influence with Heon directly affected the contractual relationship between Plaintiff and DTI, and lead to Plaintiff's wrongful termination. It is against this backdrop that the working relationship and dynamic of Plaintiff and Defendant McGuire must be viewed in order to get a full sense of the DTI corporate hierarchy that truly existed and the totality of the circumstances from which this case arose.

   McGuire's avers that he was merely a "co-worker of Tnaib and not his supervisor, nor was he a superior to Tnaib in his chain of command." Furthermore, Defendant McGuire contends that he "was not in a position to construct any formal written or verbal agreements, contracts, or conditions with the Plaintiff" or "make, alter, modify, enforce or terminate any contracts construed between Plaintiff and DTI." (Defendant McGuire's Reply to Plaintiff's Opposition to Motion to Dismiss, p.2, para.1, lns.3-8)  The fact of the matter is that McGuire routinely exercised in the ordinary course of business supervisory authority over Plaintiff and as such affected the working conditions of his employment on a daily basis. Ostensibly, McGuire has

conveniently chosen to blur the lines between supervisor and co-worker in an attempt to avoid individual liability under § 1981.

This Court has held that individual supervisors can be liable under § 1981. See <u>Sheppard v. Dickstein, Shapiro, Morin, and Oshinsky</u>, 59 F.Supp.2d 27 (D.D.C. 1999). It has also been held by this Court that officers, directors and employees of a corporation may become personally liable when they intentionally cause an infringement of the rights secured by § 1981, regardless of whether the corporation may also be held liable. <u>Weaver v. Gross</u>, 605 F.Supp. 210, 212 (D.D.C.1985); <u>Richard v. Bell Atlantic Corp.</u>, 946 F.Supp. 54, 74 (D.D.C.1996) <u>See e.g.</u>, <u>Tillman v. Wheaton-Haven Recreation Association, Inc.</u>, 517 F.2d 1141, 1146 (4th Cir.1975); <u>Jeter v. Boswell</u>, 554 F.Supp. 946, 953-54 (N.D.W.Va.1983); <u>Manuel v. International Harvester</u>, 502 F.Supp. 45, 49-50 (N.D.Ill.1980). Additionally, supervisors with the capacity to hire and fire *or those who can recommend such decisions* are subject to liability under § 1981. See <u>Leige v. Capital Chevrolet, Inc.</u>, 895 F.Supp 289 (M.D. Ala. 1995) (emphasis added).; <u>See also</u> <u>Faraca v. Clements</u>, 506 F.2d 956, 959 (5th Cir.).

Commencing in May 2003, McGuire subjected Plaintiff to daily harassment and discrimination by addressing him with a variety of ethnic slurs to include "Osama", "Osama Bin Laden", "stupid Moroccan", "dumb Moroccan", and "camel boy". In August 2003, McGuire's offensive, racist treatment of Plaintiff was further evidenced by him superimposing Plaintiff's photograph over a picture of an Al Queda terrorist suspect featured in a *Washington Post* newspaper article and then producing multiple photocopies of it for distribution throughout the office. To say that this produced a hostile work environment for Plaintiff and other DTI employees would be a considerable understatement.

McGuire, whether he is to be considered a supervisor of Plaintiff by job title, position description, or office function, was clearly an individual entrusted by DTI's management with a position of responsibility, managerial authority, leadership, and apparent power. He dramatically altered the conditions of Plaintiff's employment and created a hostile work environment that no individual should ever have to endure for one moment, let alone over six months. In the post-September 11th workplace, it is quite disheartening and disturbing that employees of Middle-Eastern descent like Abderrahim Tnaib have become yet another minority group that are forced to endure the ugly barbs of bigotry and hatred in the pursuit of their careers and dreams. The American workplace is a melting pot of diversity that should be revered and not reviled. Defendant James McGuire is devoid of this notion and the concept of leading by example. It is imperative that he be held accountable and individually liable for his heinous acts under § 1981. Plaintiff is entitled to present evidence to support his claims against Defendant McGuire and this Court should grant him the opportunity to do so in the interests of justice and fairness.

## CONCLUSION

Based on the foregoing, Defendant James McGuire's Motion to Dismiss should be denied.

Date:  April 6, 2006                                    Respectfully submitted,

/s/ Howard N. Berliner
_____
Howard N. Berliner (D.C. Bar No. 451314)
BERLINER LAW FIRM, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036
(202) 429-0399

**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of April 2006, a copy of the foregoing Plaintiff's Reply to Defendant's Reply to Opposition to Defendant James McGuire's Motion to Dismiss was mailed first-class, postage pre-paid, to:

> James McGuire
> 2310 Bellow Court
> Crofton, MD  21114
>
> Stephen R. Smith, Esquire
> POWELL GOLDSTEIN LLP
> 901 New York Avenue, N.W.
> Third Floor
> Washington, D.C.  20001

> /s/ Howard N. Berliner
> _____
> Howard N. Berliner, D.C. Bar No. 451314