IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOCUMENT TECHNOLOGIES, INC. )<br>)<br>-and- )<br>)<br>JAMES MCGUIRE )<br>)<br>Defendants. )<br>) | Case No. 1:05CV01825   (RMU) |

## DEFENDANT JAMES MCGUIRE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO REPLY TO OPPOSITION TO MOTION TO DISMISS

Defendant James McGuire acting as a *Pro Se* litigant respectfully requests that this Court deny the Plaintiff's Motion for Leave to File a Surreply to the Reply to the Opposition to the Motion to Dismiss the counts of the Complaint filed against him in his individual capacity by Plaintiff Abderrahim Tnaib.

### ARGUMENT

Plaintiff alleges that he must file a surreply because it "is in furtherance of justice to correctly clarify for the Court essential issues of fact that were misstated in the Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss." Plaintiff's Motion for Leave to File Surreply at 1. Although "[t]he court may grant leave to file a surreply at its discretion, " this Court has clearly stated that "[t]he standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." Robinson v. The Detroit News, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (Urbina, J.)

RECEIVED
APR 1 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(internal citations omitted). Defendant McGuire's Reply to Plaintiff's Opposition to Motion to Dismiss does not present any matters to the Court for the *first time*.

A synopsis of Defendant McGuire's Reply is as follows:

1. Defendant McGuire conceded a point that the Plaintiff's Opposition raises that an at-will employee may still be considered to have an employment contract with employer;

2. Defendant McGuire respectfully requests that the Court take notice of the fact that the Plaintiff does not address Counts II, IV or V in Defendant's Motion to Dismiss; as such, these Counts should be considered as unopposed;

3. Defendant McGuire reaffirms his employment status as the Plaintiff's co-worker and not as a manager or supervisor of the Plaintiff, a statement made several times in the Motion to Dismiss; and

4. Defendant McGuire reviews each case that the Plaintiff cites in his Opposition to support the erroneous belief that non-supervisory co-workers can be held individually liable under 42 U.S.C. § 1981.

## CONCLUSION

The Plaintiff fails to meet the standard set for granting leave to file a surreply in this Court and therefore, the Court should deny Plaintiff's Motion. If the Court decides to grant the Plaintiff's Motion, then Defendant McGuire respectfully requests permission from this Court to file a response to said surreply within seven (7) days of the date of the Order.

James J. McGuire

*/s/ James J. McGuire*
James J. McGuire
***PRO SE***
2310 Bellow Court
Crofton, MD 21114
(410) 570-4700

DATED: April 14, 2006

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2006 U.S. First-Class Mail, postage prepaid, upon the following counsel of record, served a copy of the foregoing Defendant James McGuire's Motion to Strike Plaintiff's Surreply to Reply to Opposition to Motion to Dismiss.

Howard N. Berliner, Esq.
1920 N Street, N.W. Suite 300
Washington, D.C. 20036

*Attorney for Plaintiff Abderrahim Tnaib*

Powell Goldstein, LLP
Attn: Steven R. Smith, Esq.
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001

*Attorney for Co-Defendant Document Technologies, Inc.*

James J. McGuire