UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ABDERRAHIM TNAIB, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1825 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 8, 14 |
| | : | | |
| DOCUMENT TECHNOLOGIES, LLC., | : | | |
| | : | | |
| and | : | | |
| | : | | |
| JAMES MCGUIRE,[1] | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART DEFENDANT MCGUIRE'S MOTION TO DISMISS

I.  INTRODUCTION

This employment discrimination matter is before the court on *pro se* defendant James McGuire's ("the defendant") motion to dismiss.  The plaintiff alleges that his former employer, defendant Document Technologies, LLC ("DTI"), and his former co-worker, defendant McGuire, unlawfully retaliated and discriminated against him and created a hostile work environment, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*. (Count II), 42 U.S.C. § 1981 (Count III), and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq.* (Counts IV and V).[2]  Because the plaintiff concedes the defendant's arguments with respect to Counts II, IV,

---

[1] The complaint lists the defendant's name as James Maguire.  According to the defendant's filings, however, the defendant's last name is McGuire.

[2] The plaintiff brings Counts II, III, IV, and V against Document Technologies, LLC ("DTI") and against defendant James McGuire in his individual capacity.  Because the court's opinion only addresses McGuire's motion to dismiss and because the plaintiff brings Count I solely against DTI, the court does not address Count I in this memorandum opinion.

and V, the court grants the defendant's motion to dismiss those counts. Because the facts, taken in the light most favorable to the plaintiff, show the defendant had supervisory authority over the plaintiff, the court denies the defendant's motion to dismiss Count III.[3]

## II.  BACKGROUND

### A.  Factual Background

The plaintiff, Abderrahim Tnaib, is of Middle Eastern descent. He worked as a Senior Account Manager for DTI's Washington, D.C. office from April 2001 through November 2003. Compl. ¶¶ 1-2. Defendant McGuire worked for DTI as a Production Manager. *Id.* ¶ 15. The plaintiff alleges that, beginning in May 2003, McGuire started harassing him and discriminating against him on the basis of race. *Id.* at 15. Specifically, the plaintiff alleges that the defendant

---

[3] The plaintiff has also filed a motion for leave to file a surreply. "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). The defendant's reply, however, does not contain any new arguments. Because the plaintiff previously had "ample opportunity" to address McGuire's arguments, the court would ordinarily deny the motion to file a surreply. *Lightfoot v. Dist. of Columbia*, 2006 WL 54430, at *1 (D.D.C. Jan. 10, 2006) (denying a motion for leave to file a surreply because the reply did not raise any new matters and the surreply raised "facts and legal issues not previously addressed"). In this case, however, the plaintiff's surreply raises factual allegations of substantial import. *See infra* Section III.C.2. Specifically, the plaintiff's surreply alleges that McGuire was the defendant's supervisor, rather than just his co-worker. In the interest of justice and in light of the case law governing the claims in this case, described more fully in Section III.C.2, the court grants the plaintiff's motion for leave to file a surreply.

The court takes this opportunity to remind the plaintiff's counsel that a surreply is not the appropriate moment to raise a substantive issue and that his failure to counter factual matters raised in the defendant's motion to dismiss could have resulted in a dismissal of his client's case. Although the court will consider the substantive issues as constituted in the surreply, the court notes that the plaintiff's counsel's attempts to make arguments that he should have made in his opposition brief constitute sloppy lawyering, regardless of his attempts to correct his failures through a surreply. Indeed, "at the end of the day, even if you put a calico dress on it and call it Florence, a pig is still a pig." *Bradshaw v. Unity Marine Corp., Inc.*, 147 F. Supp. 2d 668, 671 (S.D. Tex. 2001).

frequently called him "'camel boy,' 'Osama,' 'Osama Bin Laden,' 'stupid Moraccan' and/or 'dumb Moraccan'[and] [h]e would routinely tell Tnaib to 'work his Moraccan magic on the client' and, when upset, would order him to 'go home, you camel.'"  Compl. ¶ 15.

The plaintiff further complains that in August 2003, the defendant superimposed a photograph of him with a picture of an Al Qaeda terrorist suspect featured in a *Washington Post* newspaper article.  Compl. ¶ 16.  After making multiple photocopies, the defendant distributed the photographs to other employees and posted copies on several doors.  *Id.*  The plaintiff further charges that Scott Heon, a Managing Partner at DTI, obtained a copy of the picture and smiled before discarding it in the trash.  *Id.*  When the plaintiff saw the photographs taped to the delivery door, he was extremely upset and tried to avoid direct contact with McGuire thereafter.  *Id.*

In early November 2003, the plaintiff alleges that McGuire "antagonized and intimidated the plaintiff, and an argument ensued."  *Id.* ¶ 18.  Reacting to McGuire's racial slurs and ethnic insults, the plaintiff "verbally attempted to respond to [the insults]."  *Id.*  The plaintiff further alleges that McGuire continued to harass him and follow him around the office.  *Id.*  The plaintiff "hastily retreated away from the approaching McGuire, and in doing so slammed an office door behind him, before finally seeking refuge in his office."[4]  *Id.*  Immediately after the incident, the plaintiff filed a formal complaint with Heon against McGuire.  *Id.* ¶ 19.  Shortly thereafter, the plaintiff was terminated by Heon for "inappropriate behavior in the workplace."  *Id.* ¶ 19.

---

[4]    According to DTI, the plaintiff slammed the office door so hard that it split in half lengthwise.  DTI Ans. ¶ 18.

**B. Procedural Background**

In 2004, the plaintiff filed a discrimination charge with the District of Columbia Office of Human Rights ("DCOHR") and with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination based on his race, national origin, and retaliation. *Id.* ¶¶ 5, 6. On June 20, 2005, the EEOC issued a Notice of Right to Sue Letter to the plaintiff. *Id.* ¶ 9.

On September 14, 2005, the plaintiff filed suit in this court against DTI and McGuire. Defendant McGuire filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on February 24, 2006. The court now turns to McGuire's motion to dismiss.

### III. ANALYSIS

**A. Legal Standard for Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or

"plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

### B. The Court Grants the Defendant's Motion to Dismiss Counts II, IV, and V

The defendant argues that the plaintiff fails to make out a claim for relief on Counts II, IV, and V. Def.'s Mot. at 4-7. The plaintiff fails to address the arguments related to these counts in his opposition brief. "When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." *Fox v. Am. Airlines, Inc.,* 2003 WL 21854800 at *2, *aff'd, Fox v. Am. Airlines, Inc.,* 389 F. 3d 1291 (D.C. Cir. 2004). Because in the plaintiff's response to the defendant's motion to dismiss failed to address the arguments related to Counts II, IV, and V, the court treats those arguments as conceded and grants McGuire's motion to dismiss.

### C. The Court Denies the Defendant's Motion to Dismiss Count III

Count III alleges that McGuire intentionally discriminated against the plaintiff in violation of Section 1981 of the Civil Rights Act of 1866.[5] Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In the employment context, § 1981 prohibits discrimination with respect to "the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship." *Patterson v. County of Oneida, N.Y.*, 375 F. 3d 206, 224 (2d Cir. 2004) (internal citation omitted). The defendant argues that the court should dismiss Count III because the plaintiff did not have an employment contract. Def.'s Mot. at 4-5. The defendant also argues that, as the plaintiff's co-worker, he was not in a capacity to enter into a contract with the plaintiff. *Id.* at 5. Because the plaintiff alleges that McGuire exercised supervisory control over him, the court denies the motion to dismiss Count III.

### 1. At-Will Employees May Bring a § 1981 Action

The defendant's primary argument for dismissal of the § 1981 claim is that "no employment contract exists between any employee or manager and DTI." Def.'s Mot. at 4-5. That is, the defendant argues that the plaintiff cannot maintain a § 1981 action because the plaintiff is an at-will employee. *Id.* at 4-5. A plaintiff employed at-will in the District of Columbia, however, can maintain a § 1981 action. *Sheppard v. Dickstein, Shapiro, Morin & Oshinsky*, 59 F. Supp. 2d 27, 32 (D.D.C. 1999) (holding that § 1981 covers at-will employment

---

[5] Section 1981 was passed through Congress' power under the Thirteenth Amendment to eradicate the badges and incidents of slavery. *Runyon v. McCrary,* 427 U.S. 160, 170 (1976).

agreements in the District of Columbia because at-will employment is a type of contract under D.C. law). Because the plaintiff was an at-will employee in DTI's Washington, D.C. office, the court denies the defendant's motion to dismiss Count III on the ground that at-will employees are not covered by § 1981.

### 2. The Defendant is an Individual With Supervisory Authority

The defendant's second argument to dismiss Count III is that § 1981 only applies to individuals with supervisory authority, not to co-workers. Def.'s Mot. at 5. The plaintiff's opposition to the defendant's motion to dismiss does not contest McGuire's assertion that he was the plaintiff's co-worker, rather than his supervisor. The plaintiff's surreply, however, alleges that defendant McGuire had supervisory authority over the plaintiff.

Section 1981 does not create a grounds for a cognizable claim against a co-worker. *Hodges v. Wash. Tennis Serv. Int'l, Inc.*, 870 F. Supp. 386, 387 (D.D.C. 1994) (dismissing a § 1981 claim against an individual defendant who allegedly made racist comments to the plaintiff, a co-worker); *see also Mbadiwe v. Union Mem'l Reg'l Med. Ctr., Inc.*, 2005 WL 3186949, *2 (W.D.N.C. 2005) (same). Individuals with supervisory authority, however, may be held liable under § 1981. *Sheppherd*, 59 F. Supp. 2d at 33 (holding that individual supervisors may be liable under § 1981); *see also Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000) (holding that "to make out a claim for individual liability under § 1981, a plaintiff must demonstrate 'some affirmative link to causally connect the actor with the discriminatory action'") (citing *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991)).

Here, the plaintiff alleges that McGuire "exercised supervisory authority over Plaintiff on a daily basis." Pl.'s Surreply at 3. According to the plaintiff, McGuire, a Production Manager,

"exercised a significant amount of management authority over the sales personnel [such as the plaintiff] who were generating work orders for production." *Id.* at 4.  Additionally, the plaintiff states that "McGuire's managerial input and influence with Heon directly affected the contractual relationship between Plaintiff and DTI, and led to Plaintiff's wrongful termination." *Id.*  Because the plaintiff has alleged that McGuire had supervisory authority and that McGuire was causally connected to the allegedly wrongful termination, and because at this stage of the litigation the court must construe the facts in the light most favorable to the plaintiff, the court denies McGuire's motion to dismiss Count III.

## V.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendant McGuire's motion to dismiss the case for failure to state a claim.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of September, 2006.

RICARDO M. URBINA
United States District Judge