ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOCUMENT TECHNOLOGIES, INC. ) <br> ) <br> -and- ) <br> ) <br> JAMES MCGUIRE ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:05CV01825 |

## DEFENDANT JAMES MCGUIRE'S ANSWER TO COMPLAINT

Defendant James McGuire ("McGuire"), acting *Pro Se*, files his Answer and affirmative defenses to the Complaint filed by Abderrahim Tnaib ("Plaintiff").

In response to the individually numbered paragraphs of the Complaint, McGuire pleads as follows:

1. Upon information and belief, McGuire admits that Plaintiff is a male of Moroccan descent. This knowledge stems from the Plaintiff's almost daily declaration as such. McGuire is without information or knowledge as to Plaintiff's age or residential address. McGuire is without information or knowledge as to the remaining averments set forth in Paragraph 1 of Complaint.

2. Upon information and belief, McGuire admits that Plaintiff was employed by Document Technologies, Inc. ("DTI") as a Senior Account Manager in their Washington, D.C. office. McGuire is without information or knowledge as to the remaining averments set forth in Paragraph 2 of Complaint.

RECEIVED
OCT 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3. McGuire admits that James McGuire (spelled incorrectly in the Complaint as Maguire) is an individual. McGuire denies the remaining averments set forth in Paragraph 3 of the Complaint.

4. – 11. McGuire is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4 through 11 and on that basis denies them.

12. The averments set forth in Paragraph 12 of the Complaint draw a legal conclusion and therefore require no response from McGuire. To the extent that a response is deemed necessary, McGuire admits that this Court has jurisdiction over this matter. McGuire denies the remaining averments set forth in Paragraph 12 of the Complaint. Specifically, McGuire denies that he violated any federal or state law and that Plaintiff is entitled to any damages or other relief against McGuire.

13. The averments set forth in Paragraph 13 of the Complaint draw a legal conclusion and therefore require no response from McGuire. To the extent that a response is deemed necessary, McGuire admits that venue is proper in this Court. McGuire denies the remaining averments set forth in Paragraph 13 of the Complaint. Specifically, McGuire denies that he violated any federal or state law and that Plaintiff is entitled to any damages or other relief against McGuire.

14. McGuire denies the averments set forth in Paragraph 14 of the Complaint. Specifically, McGuire denies that he violated any federal or state law and that Plaintiff is entitled to any damages or other relief against McGuire.

15. McGuire denies the averments set forth in Paragraph 15 of the Complaint. Plaintiff often referred to himself as a "stupid Moroccan" and/or "dumb Moroccan" in an attempt to be humorous in the presence of many people in the office on an almost daily basis. Plaintiff would also state, "You think I am a terrorist, because all Arabs are terrorists."

16. McGuire admits that on or about August 12, 2003, and in response to a joking comment about being a terrorist made by the Plaintiff, he superimposed a photograph of Plaintiff over the picture of a terror suspect from a newspaper article. McGuire admits that he made copies of it and distributed it to co-workers in the office. McGuire regrets his poor attempt at humor at the expense of the Plaintiff, a co-worker, regardless if the Plaintiff often joked about the subject himself. At no time did anyone including the Plaintiff express that they were offended by the item that McGuire created. McGuire denies the remaining averments set forth in Paragraph 16 of the Complaint.

17. McGuire denies the averments set forth in Paragraph 17 of the Complaint.

18. McGuire admits that he and Plaintiff argued on or about October 3, 2003 at work. The Plaintiff was the aggressor in the argument, loudly cursing and screaming inches away from McGuire's face. The argument ended with the Plaintiff slamming an office door so hard that the door split lengthwise and struck McGuire in the process. McGuire denies that he used any racial slurs or ethnic insults during the argument. McGuire wrote a witness statement about the argument and gathered several statements from others who witnessed the argument. These statements were given to Scott Heon, Managing Partner of the office and Plaintiff's direct supervisor. McGuire denies the remaining averments set forth in Paragraph 18 of the Complaint. Specifically, McGuire denies that he violated any federal or state law, or that the Plaintiff is entitled to any damages or other relief against McGuire.

19. McGuire is without information or knowledge as to the averments set forth in Paragraph 19 of Complaint.

20. - 29. As McGuire is not named within Count I of the Complaint, Paragraphs 20 through 29 are not applicable, and no response is needed. To the extent that a response is deemed necessary, McGuire denies the averments set forth in Paragraphs 20 through 29 of the

Complaint. Specifically, McGuire denies that he violated any federal or state law, or that the Plaintiff is entitled to any damages or other relief against McGuire.

30. - 33.  McGuire has been dismissed from Count II of the Complaint via a Motion to Dismiss on September 21, 2006 (Docket #17). As such, Paragraphs 30 through 33 are not applicable and no response is needed. To the extent that a response is deemed necessary, McGuire denies the averments set forth in Paragraphs 30 through 33 of the Complaint. Specifically, McGuire denies that he violated any federal or state law, or that the Plaintiff is entitled to any damages or other relief against McGuire.

34.     McGuire incorporates by reference its responses to Paragraphs 1 through 33 of the Complaint as set forth in their entirety.

35.     McGuire denies the averments set forth in Paragraph 35 of the Complaint. Specifically, McGuire denies that he violated any federal or state law and that Plaintiff is entitled to any damages or other relief against McGuire.

36.     McGuire denies the averments set forth in Paragraph 36 of the Complaint. Specifically, McGuire denies that he violated any federal or state law and that Plaintiff is entitled to any damages or other relief against McGuire.

37. - 42.  McGuire has been dismissed from Counts IV and V of the Complaint via a Motion to Dismiss on September 21, 2006 (Docket #17). As such, Paragraphs 37 through 42 are not applicable, and no response is needed. To the extent that a response is deemed necessary, McGuire denies the averments set forth in Paragraphs 37 through 42 of the Complaint. Specifically, McGuire denies that he violated any federal or state law, or that the Plaintiff is entitled to any damages or other relief against McGuire.

Unless specifically admitted herein, McGuire denies all of the allegations contained in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims may be barred by the Statute of Limitations

### THIRD DEFENSE

Plaintiff's claims may be barred by the doctrine of waiver.

### FOURTH DEFENSE

Plaintiff's claims may be barred by the doctrine of laches.

### FIFTH DEFENSE

Some or all of the Plaintiff's claims may be barred by Plaintiff's failure to comply with the procedural prerequisites to the suit.

### SIXTH DEFENSE

Defendant McGuire was a co-worker of the Plaintiff and not his supervisor. Defendant McGuire did not have the authority to hire, transfer, suspend, lay-off, recall, promote, discharge, assign, reward, discipline, direct, or adjust the grievances of the Plaintiff, or effectively recommend any such action.

### SEVENTH DEFENSE

Any employment action taken, or not taken, towards the Plaintiff was the sole determination of Defendant Document Technologies, Inc. without input from Defendant McGuire. There exists no connection between Defendant McGuire and the Plaintiff's allegedly wrongful termination.

## EIGHTH DEFENSE

Any employment action taken, or not taken, towards the Plaintiff was the sole determination of Defendant Document Technologies, Inc. and may not have violated state or federal law; rather, such action may have been taken for legitimate, nondiscriminatory and nonretaliatory reasons.

WHEREFORE, McGuire respectfully requests that:

1. Plaintiff takes nothing by his Complaint, and that the Complaint be dismissed in its entirety;

2. Judgment be entered in favor of McGuire;

3. The Court award McGuire his costs of litigation including reasonable attorneys' fees (should McGuire retain the services of a lawyer at a future time in regards to this Complaint) and

4. The Court grants such other relief as deemed just and appropriate.

Dated: October 11th 2006

                                        Respectfully submitted,

                                        James McGuire – *Pro Se*

                                        By: _____
                                        James J. McGuire
                                        2310 Bellow Court
                                        Crofton, MD 21114
                                        410-570-4700

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2006 U.S. First-Class Mail, postage prepaid, upon the following counsels of record, served a copy of the foregoing Defendant James McGuire's Answer to the Complaint:

>Howard N. Berliner, Esq.
>1920 N Street, N.W. Suite 300
>Washington, D.C. 20036
>
>*Attorney for Plaintiff Abderrahim Tnaib*
>
>
>Powell Goldstein, LLP
>Attn: Steven R. Smith, Esq.
>901 New York Avenue, N.W.
>Third Floor
>Washington, D.C. 20001
>
>*Attorney for Co-Defendant Document Technologies, Inc.*

_____
James J. McGuire