IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB<br>4856 Arlington Boulevard<br>Arlington, VA 22204<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DOCUMENT TECHNOLOGIES, INC.<br>2000 M Street, N.W., Suite LL 03<br>Washington, DC 20036<br><br>　　-and-<br><br>JAMES McGUIRE<br>2310 Bellow Court<br>Crofton, MD 21114<br><br>　　　　　Defendants. | Case No.  1:05CV01825 (RMU)<br><br>JURY TRIAL DEMANDED |

## JOINT RULE 16.3 REPORT

The parties to the captioned action hereby submit the following report in accordance with Local Rule 16.3 of the Civil Rules of this Court and the Chambers Rules of Judge Ricardo M. Urbina. Counsel participated in a telephonic "meet and confer" session on November 16, 2006.  Present for the Plaintiff were Howard N. Berliner and James C. Bailey; Tricia Kinney participated for the Defendant, Document Technologies, Inc. and James McGuire, a Pro se Defendant.

The numbered paragraphs that follow the statement of the case correspond to the identically numbered paragraphs in Local Rule 16.3.  Per Judge Urbina's Standing Order for Civil Cases, the parties also submit at the outset a brief statement of the case and the statutory basis for all causes of action and defenses.

1

**Statement of the Case and Statutory Basis for Causes of Action and Defenses**

<u>Plaintiff's Contentions</u>

Defendants, Document Technologies, Inc. and James McGuire, have discriminated and retaliated against Plaintiff in his employment on account of his race, color, national origin and ethnic characteristics associated with his national origin, ultimately resulting in the termination of his employment.

Plaintiff's claims sound in both federal and District of Columbia law; his allegations and the statutory authority for each are as follows:

(1) Unlawful Discrimination in Violation of Title VII (42 U.S.C. §§2000e <u>et seq</u>) against Document Technologies, Inc.

(2) Unlawful Retaliation in Violation of Title VII against Document Technologies, Inc.

(3) Violation of Section 1981 (42 U.S.C. § 1981) against all Defendants.

(4) Discrimination under the DCHRA (D.C. Code, Title 2, Chapter 14) against Document Technologies, Inc.

(5) Unlawful Retaliation under the DCHRA against Document Technologies, Inc.

Defendants' Contentions

Specific defenses are as follows:

*Defendant Document Technologies, Inc.'s Defenses:*

Defendant Document Technologies, Inc. ("DTI")contends that it did not subject Plaintiff to any unlawful treatment or violate any federal or state law and that Plaintiff is not entitled to any damages.  In addition to the affirmative defenses set forth in its Answer, Defendant Document Technologies, Inc. contends that some or all of the Complaint fails to state a claim for which relief can be granted, fail to satisfy the procedural prerequisites to suit and are barred as they are outside of the scope of Plaintiff's Charge of Discrimination filed with the D.C. Office of Human Rights and Equal Employment Opportunity Commission and fail to comply with the limitations periods.  DTI further contends that any employment actions taken, or not taken, with respect to Plaintiff did not violate state or federal law; rather, such actions were taken for legitimate, nondiscriminatory and nonretaliatory reasons.  DTI also contends that it has a policy that prohibits discrimination and harassment, which it uniformly enforces.  DTI exercised reasonable care to prevent and promptly correct any alleged discrimination or harassment, and Plaintiff unreasonably failed to avail himself of preventative and corrective opportunities provided by DTI or to otherwise avoid harm.

*Defendant James McGuires' Defenses:*

Defendant James McGuire contends that he did not subject Plaintiff to any unlawful treatment or violate any federal or state law and that Plaintiff is not entitled to any damages. In addition to the affirmative defenses set forth in his Answer, Defendant McGuire contends that he was at no time a supervisor of the plaintiff and as such lacked any authority over the Plaintiff to affect his employment in any way. Furthermore any employment action taken, or not taken, towards the Plaintiff was at the sole determination of DTI and the Plaintiff's supervisors without any input

from Defendant James McGuire which may not have violated any state or federal law; rather, such actions may have been taken for legitimate, nondiscriminatory and nonretaliatory reasons.

1. Plaintiff does not believe that his claims can be resolved by dispositive motion. Currently, no dispositive motions have been filed by either party. Defendants believe that the claims can be resolved by dispositive motion.

2. Plaintiff at this time does not intend to join any other parties. Plaintiff requests that he be allowed to amend the complaint at a later time as good cause may dictate. Plaintiff believes some factual and legal issues can be agreed upon or narrowed, as follows: the parties should be able to agree to the statements of Jurisdiction and Venue contained in Complaint paragraphs 12 and 13. Defendants do not believe that factual and legal issues can be agreed upon or narrowed at this time: jurisdiction and venue are proper in this court, except to the extent that Plaintiff's failure to file suit within the proper limitations period deprives this Court of jurisdiction over his claims.

3. The parties propose that this case should not be assigned to a magistrate judge.

4. It is unclear at this early stage of the litigation whether there is a realistic possibility of settling this case.

5. The parties have discussed the possibility of alternative dispute resolution with their clients. At this time, the parties believe that they would not benefit from an early ADR. The parties will contact the Court should they determine that the case would benefit from ADR.

6. Plaintiff does not believe this case will be resolved by summary judgment. Defendants believe that this case may be resolved by summary judgment after

4

the close of discovery. Any dispositive motions should be filed on or before July 31, 2007.

7. The parties propose that they exchange the initial disclosures set forth in Fed. R. Civ. P. 26(a) on or before December 13, 2006.

8. The parties propose that discovery close on or before July 13, 2007. The parties believe that there should be no changes to the discovery rules for the Federal Rules of Civil Procedure. Defendant, Document Technology Inc, will propose a protective order to Plaintiff.

9. The parties propose that Plaintiff's Rule 26(a)(2) disclosures, if any, be made by February 28, 2007 and Defendants' disclosures be made by March 30, 2007.

10. The matters set forth in Local Rule 16.3(c)(10) are limited to class actions and are thus inapplicable to this case.

11. The parties believe that bifurcation should not be utilized in this case at this time. Defendant DTI and James McGuire reserve the right to raise this issue later in this lawsuit as the factual record is developed.

12. The parties believe that a pretrial conference should be held within 30 days after the Court rules on dispositive motions filed after the close of discovery. If no dispositive motions are filed, the parties believe that a pretrial conference should be held on August 13, 2007.

13. The parties believe that a trial date should be set at the pretrial conference.

14. No other matters have been discussed between the parties that would be appropriate for inclusion in a scheduling order.

15. The parties' proposed scheduling order is attached hereto for the Court's consideration.

DATED:  December ____, 2006                     Respectfully submitted,

/s/ (by JCB)
_____
HOWARD N. BERLINER
Berliner Law Firm, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036
Counsel for Plaintiff

/s/ (by JCB)
_____
JAMES C. BAILEY
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Counsel for Plaintiff

/s/ (by JCB)
_____
TRICIA KINNEY
Powell Goldstein LLP
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309
Counsel for Defendant

/s/ (by JCB)
_____
JAMES McGUIRE
2310 Bellow Court
Crofton, MD 21114
Pro se

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ABDERRAHIM TNAIB )<br>4856 Arlington Boulevard )<br>Arlington, VA 22204 )<br>                                   Plaintiff, )<br>                               vs. )<br>DOCUMENT TECHNOLOGIES, INC. )<br>2000 M Street, N.W., Suite LL 03 )<br>Washington, DC 20036 )<br>                               -and- )<br>JAMES McGUIRE )<br>2310 Bellow Court )<br>Crofton, MD 21114 )<br>                               Defendants. )<br>_____) | Case No. 1:05CV01825 (RMU)<br><br>JURY TRIAL DEMANDED |

**JOINT PROPOSED SCHEDULING ORDER**

Upon consideration of the Joint Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions,

pretrial conference, and trial is adopted:

| **Event** | **Date/Deadline** |
|---|---|
| Initial Disclosures | December 13, 2006 |
| Plaintiff's Rule 26(a)(2) Disclosures | February 28, 2007 |
| Defendant's Rule 26(a)(2) Disclosures | March 30, 2007 |
| Close of Discovery<br>(including expert discovery) | June 13, 2007 |
| Dispositive Motions | July 31, 2007 |

| Event | Date/Deadline |
|---|---|
| Oppositions to Dispositive Motions | August 13, 2007 |
| Reply in Support of Dispositive Motion | August 30, 2007 |
| Filing of Pretrial Statements | One week before pretrial conference |
| Pretrial Conference | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then August 13, 2007. |
| Jury Trial | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own motion or upon motion of a party only upon showing of good cause.

Entered this _____ day of _____ 2006.

_____
District Judge Ricardo M. Urbina

Copy to:

**Counsel for Plaintiff:**

Howard N. Berliner
Berliner Law Firm, PLLC
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036

James C. Bailey
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036

**Counsel for Defendant Document Technologies, Inc.**

Tricia Kinney
Powell Goldstein LLP
Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, GA 30309

**Pro se Defendant**

James McGuire
2310 Bellow Court
Crofton, MD 21114