IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB,<br>4856 Arlington Boulevard<br>Arlington, VA 22204,<br><br>    Plaintiff,<br><br>vs.<br><br>DOCUMENT TECHNOLOGIES, INC.,<br>2000 M. Street, N.W., Suite LL 03<br>Washington, DC 20036,<br><br>    and<br><br>JAMES MAGUIRE,<br><br>    Defendants. | CASE NO. 1:05CV01825<br><br>JUDGE: Ricardo M. Urbina<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 09/14/2005 |

## DEFENDANT DOCUMENT TECHNOLOGIES, INC.'S[1] MOTION AND MEMORANDUM FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant Document Technologies, Inc. ("DTI") moves this Court for a protective order as follows:

1.    Previously, in or about December 2005, DTI learned that Mr. McGuire had been attempting to contact certain current employees of DTI with regard to this litigation. [Affidavit of Tricia A. Kinney, Esq. ("Kinney Aff."), attached as Exhibit A, ¶ 3]. On or about December 12, 2005, counsel for DTI, had a telephone conversation with Mr. McGuire in which she informed Mr. McGuire that all communications with current DTI employees regarding this matter should be directed to her. [Ex. A, Kinney Aff., ¶ 4].

---

[1] Defendant is incorrectly named in this action; the proper party is Document Technologies, LLC. This Motion is filed on behalf of both entities.

2. In addition, on December 13, 2005, counsel for DTI confirmed this telephone conversation with Mr. McGuire by letter and reiterated that all communications with DTI employees about this matter should be directed to counsel. [Ex. A, Kinney Aff., ¶¶ 5, 6; Letter, dated December 13, 2005, attached to Kinney Aff. as Exhibit 1 and attached hereto as Exhibit B].

3. Despite having been previously so informed, on or about December 13, 2006, Defendant James McGuire ("Mr. McGuire") submitted Initial Disclosures to which he attached affidavits of certain current DTI employees, including Scott Bridgers, Makeisha McMillan and Lakeisha McMillan. All of these current employees hold management positions with DTI with supervisory responsibilities. [Affidavit of Jenny Cybul ("Cybul Aff."), attached as Exhibit C, ¶¶ 3-6].

4. Mr. McGuire did not go through counsel for DTI to obtain these affidavits or to contact any of these current management employees of DTI. [Ex. A, Kinney Aff., ¶ 7].

5. DTI seeks a protective order in this matter to prevent further direct contact by Mr. McGuire about this litigation outside of the presence of DTI's counsel. By proceeding *pro se* in this matter, Mr. McGuire is acting in a dual role of both witness and court representative. In this capacity, Mr. McGuire's discussions with party witnesses hold greater weight than if he had his own lawyer and was talking to DTI employees as a lay person. Mr. McGuire also has full knowledge that DTI and its employees, particularly its party witnesses, i.e., management employees, are represented by counsel. Mr. McGuire has further been directly informed both verbally and in writing that all communications with DTI employees must go through DTI counsel.

6.      Moreover, Mr. McGuire has been in regular contact with counsel for DTI throughout this litigation and never once sought, or attempted to seek, permission to speak directly with DTI's management employees prior to obtaining the affidavits at issue. [Ex. A, Kinney Aff., ¶ 7]. Mr. McGuire also did not notify DTI's counsel that he had communicated directly with DTI management employees and obtained these affidavits for over two months; indeed, although Mr. McGuire apparently secured these affidavits in October 2006, the first time DTI learned of their existence was when Mr. McGuire attached them to his Initial Disclosures, which he submitted on December 13, 2006. This lack of notice to DTI's counsel occurred even though DTI had previously counseled Mr. McGuire against engaging in this very activity.

7.      DTI is a large company with 1381 employees. It is unreasonable to expect that the burden of policing Mr. McGuire's continued efforts to contact DTI employees about this very litigation should fall on DTI or its counsel, particularly when the employees may not even know that DTI is involved in this litigation as a party.

8.      Two other federal courts that have decided this very issue have held that *pro se* litigants, like Mr. McGuire, are held to the same ban that applies to lawyers against directly contacting party witnesses who are represented by counsel. See Gaines-Hanna v. Farmington Pub. Sch. Dist., 2006 WL 891434, No. 04-CV-74910-DT, *1 (E.D. Mich. March 31, 2006) (holding *pro se* plaintiff must refrain from directly contacting party witnesses); see also Bisciglia v. Lee, 370 F.Supp.2d 874, 879 (D.Minn.2005)(holding direct contact by *pro se* plaintiffs of defendant employees was improper). Notably, in both of these cases, the Michigan and Minnesota Rule of Professional Conduct prohibiting such direct contact with party witnesses

who are represented by counsel parallels Rule 4.2 of the District of Columbia Rules of Professional Conduct on this issue.[2]

Accordingly, as DTI has unsuccessfully tried in good faith to resolve this issue without court intervention, DTI respectfully requests a protective order preventing Mr. McGuire from directly or indirectly contacting, or attempting to contact, any current DTI employee with management or supervisory responsibility regarding this matter, and ordering Mr. McGuire to instead direct all such communications to counsel for DTI.

Respectfully submitted this 22nd day of December, 2006.

/s/ Natalie Stewart Cortez
Stephen R. Smith
D.C. Bar No. 453719
Natalie Stewart Cortez
D.C. Bar No. 483272
**POWELL GOLDSTEIN, LLP**
901 New York Avenue, NW, 3rd Floor
Washington, DC 20001
(202) 347-0066
(202) 624-7222

**OF COUNSEL:**

Tricia A. Kinney
Georgia Bar No. 422102
Shay Zeemer Hable
Georgia Bar No. 784310
**POWELL GOLDSTEIN, LLP**
One Atlantic Center, 14th Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999
Attorneys for Defendant
Document Technologies, LLC

---

[2] Specifically, Rule 4.2 of the District of Columbia Rules of Professional Conduct provides in pertinent part, that:
   (a)   During the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so....

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB,<br>4856 Arlington Boulevard<br>Arlington, VA 22204,<br><br>  Plaintiff,<br><br>vs.<br><br>DOCUMENT TECHNOLOGIES, INC.,<br>2000 M. Street, N.W., Suite LL 03<br>Washington, DC 20036,<br><br>  and<br><br>JAMES MAGUIRE,<br><br>  Defendants. | CASE NO. 1:05CV01825<br><br>JUDGE: Ricardo M. Urbina<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 09/14/2005 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I served DOCUMENT TECHNOLOGIES, INC.'S MOTION AND MEMORANDUM FOR A PROTECTIVE ORDER on the following parties in the foregoing matter by depositing a copy of same in U.S. mail in a properly addressed envelope as follows:

Howard N. Berliner
BERLINER LAW FIRM, LLC
1920 N Street, N.W.
Suite 300
Washington, D.C. 20036

James C. Bailey, Esq.
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

James McGuire
2310 Bellow Court
Crofton, MD 21114

/s/ Natalie Stewart Cortez
Natalie Stewart Cortez

5