**ORIGINAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABDERRAHIM TNAIB | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:05CV01825   (RMU) |
| DOCUMENT TECHNOLOGIES, INC. | ) |
| -and- | ) |
| JAMES MCGUIRE<br>2310 BELLOW COURT<br>CROFTON, MD 21114<br>410-570-4700 | ) |
| Defendants. | ) |

## DEFENDANT JAMES MCGUIRE'S OPPOSITION TO DEFENDANT DOCUMENT TECHNOLOGIES MOTION FOR A PROTECTIVE ORDER

Defendant James McGuire ("McGuire") acting as a *Pro Se* litigant respectfully requests that this Court deny the Defendant Document Technologies' ("DTI") Motion for a Protective Order against Defendant James McGuire.

## ARGUMENT

1.     James McGuire is a named party in this litigation and is not a lawyer and has not received any legal training, *See* Attachment A, and as such is considered a *Pro Se* litigant.

2.     It is widely accepted that parties may communicate with each other, without having counsel present.[1]

---

[1] Examples of such can be found various State Bar Rules of Professional Conduct in the Rule 4.2 comments section for example District of Columbia, Comment 1; Utah, Comment 6; Oklahoma, Comment 2; Virginia, Comment 1 and Tennessee Comment 5.

RECEIVED
JAN - 3 2007
NCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.     The District of Columbia Rules of Professional Conduct, Rule 4.2:

Communication between lawyer and person represented by counsel[2] Rule 4.2(c) states as follows

"For purposes of this rule, the term "party" or "person" includes any person or organization,

including an employee of an organization, who has the authority to bind an organization as to the

representation to which the communication relates."

4.     Comment 2[3] of The District of Columbia Rules of Professional Conduct, Rule

4.2: Communication between lawyer and person represented by counsel states as follows "Also,

parties to a matter may communicate directly with each other ..."

5.     The DC Bar Legal Ethic Committee, in Opinion 258 adopted on September 20,

1985 entitled "Application of Rule 4.2(a) to Lawyers as Parties Proceeding Pro Se" has

determined that lawyers acting *pro se* are bound by Rule 4.2 because "Rule 4.2 has at its core the

concern that lawyers generally are in a better position, by education and training, to overwhelm a

lay party and exploit his lack of legal knowledge in the course of communicating directly with

the lay party. Courts and this Committee have noted that the Rule is intended to protect against

the lawyer who might coax a statement or settlement or otherwise take advantage of the

unsuspecting and momentarily uncounseled lay person." This opinion was necessitated by the

accepted fact that parties to a matter may communicate directly with each other, a comment that

was echoed in this opinion.

6.     Clearly McGuire as a non-lawyer party has the right to speak to another party in

this litigation without the consent of counsel. Of course not all employees in a large organization

---

[2] The District of Columbia Rules of Professional Conduct is being amended effective February 1, 2007. The references used in this brief are relevant in both the current version as well as the soon to be amended version of the Rules.

[3] Prior to the amended version was comment 1 to The District of Columbia Rules of Professional Conduct.

can be considered a party to every lawsuit that a company the size of DTI can become involved in as noted by The DC Bar Legal Ethic Committee in Opinion 129.

7.      The DC Bar Legal Ethic Committee, in Opinion 129 adopted on September 20, 1983 entitled "Interviews With Employees of an Adverse Party" noted "With respect to corporate employees, the ABA Committee on Ethics and Professional Responsibility has limited the definition of "party," as used in DR 7-104(A)(1), to individuals who can "commit the corporation because of their authority as corporate officers or employees or for some other reason the law cloaks them with authority." ABA Informal Op. 1410 (1978) (communication with officers and employees of nationwide corporation). The rationale underlying this definition is that when a person can commit the corporation, opposing counsel must regard them as an "integral component of the corporation itself and therefore within the concept of a 'party' for the purposes of the Code." *Id. See also* ABA Informal Op. 1377 (1977) (communication with officer of municipal corporation). These precedents, however, do not completely resolve the issue presented in this inquiry. Does the definition of "party" include only those who have authority to commit the corporation with respect to the litigation, or does it extend to those who have authority to commit the corporation with respect to the underlying matter but not with respect to the litigation? For example, in an employment discrimination case against a large corporation, the officials who have authority to make litigation decisions are not likely to be the same officials who made the contested hiring or promotion decisions. Plainly, DR 7-104(A)(1) prohibits contact with the former without the consent of counsel, but does it also prohibit contact with the latter? We conclude that it does not."[4]

---

[4] DR 7-104(A)(1) is substantially identical to Model Rule 4.2

8.      McGuire also has the right to speak to these non-party employees as set forth in The District of Columbia Rules of Professional Conduct, Rule 4.2(b)

9.      <u>The District of Columbia Rules of Professional Conduct, Rule 4.2:</u>

<u>Communication between lawyer and person represented by counsel</u> Rule 4.2(b) states as follows "During the course of representing a client, a lawyer may communicate about the subject of the representation with a nonparty employee of an organization without obtaining the consent of that party's organization's lawyer. If the organization is an adverse party, however, prior to communicating with any such nonparty employee, a lawyer must disclose to such employee both the lawyer's identity and the fact that the lawyer represents a party that is adverse to the employee's employer."

10.      Of the 1381 employees that work for DTI, only a small fraction of that number actually works in the District of Columbia as opposed to the 35 other offices located in 15 states and internationally. Of this number of employees that work in DC, an even smaller number actually worked in the office and during the 1 year time frame in which these allegations to which this litigation is based, were supposedly to have occurred; and of these few employees even less hold management positions. It is this handful of employees, that McGuire has contacted to interview in an attempt to gather all relevant facts in an expeditious and economic manner.

## CONCLUSION

For the aforementioned reasons, this Court should deny Defendant Document

Technologies' Motion for Protective Order against Defendant James McGuire.


Respectfully Submitted
James J. McGuire


James J. McGuire
**PRO SE**
2310 Bellow Court
Crofton, MD 21114
(410) 570-4700


DATED: January 3, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **ABDERRAHIM TNAIB**        ) | |
|        ) | |
|            **Plaintiff,**        ) | |
|        ) | |
|            **v.**        ) | **Case No. 1:05CV01825**    **(RMU)** |
|        ) | |
| **DOCUMENT TECHNOLOGIES, INC.**        ) | |
|        ) | |
|            **-and-**        ) | |
|        ) | |
| **JAMES MCGUIRE**        ) | |
|        ) | |
|            **Defendants.**        ) | |

## ORDER ON DEFENDANT JAMES MCGUIRE'S OPPOSITION TO DEFENDANT DOCUMENT TECHNOLOGIES MOTION FOR A PROTECTIVE ORDER

UPON CONSIDERATION of the Defendant James McGuire's Opposition to Defendant Document Technologies' Motion for a Protective Order, the response thereto, it is this _____ day of _____, 2007,

ORDERED that the DOCUMENT TECHNOLOGIES MOTION FOR A PROTECTIVE ORDER IS DENIED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

# Attachment A

# Affidavit of James McGuire

**COURT:**       United States District Court for the District of Columbia
**CASE #:**       1:05cv01825
**Plaintiff:**       Abderrahim Tnaib
**Defendants:**   Document Technologies, LLC. and James McGuire

1. I am over the age of 18 and am competent in all respects of this affidavit which I make in support of the Opposition to Document Technologies Motion for a Protective Order.

2. I am currently employed with LEX on Demand in Baltimore, Maryland.

3. I reside at 2310 Bellow Court Crofton, MD 21114.

4. I am not a lawyer and do not have any legal training whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Jan. 02 2007

Signed

James McGuire

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January 2007 U.S. First-Class Mail, postage prepaid, upon the following counsels of record, served a copy of the foregoing Defendant James McGuire's Opposition to Defendant Document Technologies' Motion for a Protective Order:

Howard N. Berliner, Esq.
1920 N Street, N.W. Suite 300
Washington, D.C. 20036

*Attorney for Plaintiff Abderrahim Tnaib*

Powell Goldstein, LLP
Attn: Tricia A. Kinney, Esq.
1201 West Peachtree Street, NW
14th Floor
Atlanta, GA 30309-3488

*Attorney for Co-Defendant Document Technologies, Inc.*

_____
James J. McGuire