IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB,<br>4856 Arlington Boulevard<br>Arlington, VA  22204,<br><br>    Plaintiff,<br><br>vs.<br><br>DOCUMENT TECHNOLOGIES, INC.,<br>2000 M. Street, N.W., Suite LL 03<br>Washington, DC  20036,<br><br>    and<br><br>JAMES MAGUIRE,<br><br>    Defendants. | CASE NO. 1:05CV01825<br><br>JUDGE:  Ricardo M. Urbina<br><br>DECK TYPE:  Employment Discrimination<br><br>DATE STAMP:  09/14/2005 |

**DEFENDANT DOCUMENT TECHNOLOGIES, INC.'S[1] REPLY BRIEF
IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER**

Pursuant to Local Rule 7(d), Defendant Document Technologies, LLC ("DTI") replies to James McGuire's Opposition to Defendant Document Technologies' Motion for a Protective Order ("McGuire Brief").  DTI replies only to the new matter presented in the McGuire Brief and incorporates its original arguments in the Motion for a Protective Order.

McGuire attempts to persuade this Court of the propriety of his behavior by citing District of Columbia Bar Legal Ethics Committee Opinions ("Opinion"), which are not binding on this Court.  Nonetheless, the policy issues recognized by the District of Columbia Bar Legal Ethics Committee (the "Committee") illustrate the very problems posed by McGuire's contacts

---

[1]  Defendant is incorrectly named in this action; the proper party is Document Technologies, LLC.  This Motion is filed on behalf of both entities.

with DTI employees and the annoyance and oppression to DTI that warrant a protective order under Rule 26(c).

Interestingly, McGuire's own arguments cite a 1995 Opinion holding that Professional Conduct Rule 4.2, prohibiting communicating between a lawyer and a represented party, <u>does</u> apply to *pro se* litigants who are lawyers. (McGuire Br. ¶ 5.) D.C. Bar Legal Ethics Committee Opinion No. 129 (Sept. 20, 1983), attached as Exhibit A. The same policies behind this Opinion and others justify a protective order against McGuire under these circumstances.

Specifically, far from simply speaking to former co-workers, McGuire contacted two of his former subordinates and asked them to sign an affidavit he had already drafted. (Ex. B, Affidavit of Lakeisha McMillan ¶ 5; Ex. C, Affidavit of Makeisha McMillan ¶ 6.) Moreover, DTI has learned that McGuire allowed the three individuals who signed his affidavits to believe that the affidavits related to a dispute between him and Plaintiff individually, not a dispute that involved DTI, their current employer. (Ex. B, L. McMillan Aff. ¶ 6; Ex. C, M. McMillan Aff. ¶ 6; Ex. D , Affidavit of Scott Bridgers ¶ 7.) In short, McGuire may have misstated the facts and circumstances to procure statements from DTI management employees.

The Committee has repeatedly condemned similar behavior. In determining that lawyer *pro se* litigants should not contact represented parties without consent, the Committee noted that Rule 4.2 is intended to protect against the lawyer who might coax a statement or otherwise take advantage of the unsuspecting and momentarily uncounseled lay person. D.C. Bar Legal Ethics Committee Opinion No. 258 (Sept. 20, 1995), attached as Exhibit E. Certainly this concern about the potential that a litigant will take advantage of a witness extends to other contexts, such as a non-lawyer *pro se* litigant who formerly managed the very witnesses from which he has procured a statement.

Moreover, even in permissible discussions with witnesses, the Committee held that a lawyer must not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Ex. A, D.C. Bar Legal Ethics Committee Opinion No. 129 (Sept. 20, 1983); see also D.C. Bar Legal Ethics Committee Opinion No. 287 (Oct. 20, 1998) (Rule 4.3 reinforces the protections under Rule 4.2 by requiring the lawyer to take affirmative steps to avoid misunderstandings and to assure that a witness understands the lawyer's role in the matter), attached as Exhibit F.  In direct contravention to these rules, McGuire employed problematic techniques in obtaining statements from DTI employee-witnesses.

In considering a motion for a protective order, the courts will balance a number of factors, including the requester's need for the information from this particular source and the harm disclosure would cause the party seeking to protect the information.  See U.S. ex rel. Purcell v. MWI Corp., 209 F.R.D. 21, 27-28 (D.D.C. 2002).  As stated in DTI's Motion for a Protective Order, McGuire never attempted to contact DTI's counsel to obtain information from its employees.  DTI has never given any indication it would prohibit McGuire from speaking with its employees with counsel present.  This protective order would, therefore, in no way prevent McGuire from obtaining discovery of relevant items.  The nature of McGuire's potentially deceptive contacts with DTI employees, however, greatly prejudices DTI, in that its employees could make admissions without knowing all of the facts and circumstances behind their statements, and they also discuss potentially privileged matters without the protection of counsel.

Regardless of whether McGuire has a law degree, he may not subvert the policies behind the litigation process and hide behind his *pro se* status to avoid responsibility for this behavior. DTI does not dispute that the parties in the lawsuit may freely discuss the litigation and other

matters far from the concern of the Bar and the Court. That is not, however, what happened here. McGuire used his position of influence, as well as misstatements of fact, to obtain witness statements from current DTI employees. This conduct extends beyond the permissible bounds of discovery and ethical behavior and warrants a protective order against further incursions into DTI's legal rights in the discovery process.

    Respectfully submitted this 12th day of January, 2007.

/s/ Natalie Stewart Cortez
Stephen R. Smith
D.C. Bar No. 453719
Natalie Stewart Cortez
D.C. Bar No. 483272
**POWELL GOLDSTEIN LLP**
901 New York Avenue, NW
Third Floor
Washington, DC 20001
(202) 347-0066
(202) 624-7222

**OF COUNSEL:**

Tricia A. Kinney
Georgia Bar No. 422102
Shay Zeemer Hable
Georgia Bar No. 784310
**POWELL GOLDSTEIN LLP**
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Tel: (404) 572-6600
Fax: (404) 572-6999
Attorneys for Defendant
Document Technologies, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDERRAHIM TNAIB,<br>4856 Arlington Boulevard<br>Arlington, VA  22204,<br><br>     Plaintiff,<br><br>vs.<br><br>DOCUMENT TECHNOLOGIES, INC.,<br>2000 M. Street, N.W., Suite LL 03<br>Washington, DC  20036,<br><br>     and<br><br>JAMES MAGUIRE,<br><br>     Defendants. | CASE NO. 1:05CV01825<br><br>JUDGE:  Ricardo M. Urbina<br><br>DECK TYPE:  Employment Discrimination<br><br>DATE STAMP:  09/14/2005 |

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 12, 2007, I served DOCUMENT TECHNOLOGIES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER **on the following parties in the foregoing matter by electronic case filing:**

Howard N. Berliner
BERLINER LAW FIRM, LLC
1920 N Street, N.W.
Suite 300
Washington, D.C.  20036

James C. Bailey, Esq.
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036

  **And by depositing a copy of same in U.S. mail in a properly addressed envelope addressed as follows:**

James McGuire
2310 Bellow Court
Crofton, MD  21114

/s/ Shay Zeemer Hable