**EXHIBIT E**

## For Lawyers

Home > For Lawyers > Ethics > Legal Ethics > Opinions

## Opinion 258

### Application of Rule 4.2(a) to Lawyers as Parties Proceeding Pro Se

A lawyer who is a party in a matter and is proceeding pro se cannot communicate directly with another party who is known to be represented by counsel in the matter without first obtaining consent from the other party's lawyer.

### Applicable Rule

- Rule 4.2 (Communication Between Lawyer and Opposing Parties)

### Inquiry

The inquirer, a private practitioner, requests an opinion concerning whether an attorney who is a party in a matter and who is proceeding pro se may, under Rule 4.2, communicate directly with another represented party in the same matter without first obtaining the consent of the other party's lawyer.

Rule 4.2(a), the "no contact" rule, provides that, "[d]uring the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so." However, Comment [1] to Rule 4.2 plainly states that "*parties* to a matter may communicate directly with each other" (emphasis added).

This inquiry, therefore, poses the novel question of how, if at all, the freedom of parties to communicate directly with each other without the permission or presence of counsel is altered or nullified by the fact that one of the parties to the matter is, herself, a lawyer.[1]

### Discussion

For the purposes of this inquiry, the Committee assumes that (1) the contemplated communication is directly with a party[2] in the matter, not a non-party employee or other non-party individual; (2) the dispute is a "matter" for purposes of Rule 4.2(a); (3) the other party is represented by counsel; (4) the communication is about the "subject of the representation;" and (5) the direct communication is not otherwise "authorized by law."

The Committee recognizes that neither the ABA Model Rules of Professional Conduct nor the D.C. Rules of Professional Conduct speaks directly to pro se representation issues.[3] This gap does not end our inquiry, however, nor does it create a professional ethics vacuum for lawyer-parties who choose to proceed pro se.

The Committee has considered the societal interests and purpose behind Rule 4.2 and its commentary, and has read

Rule 4.2 and its commentary in the context of all the professional conduct rules.[4] In light of these 4 principles and the language of Rule 4.2, we conclude that a lawyer proceeding pro se in a matter must not communicate or cause another to communicate about the subject of the matter with a party known to be represented by another lawyer in that matter, unless the lawyer-party has the prior consent of the lawyer representing such other party.

To avoid absurd results, however, the Committee excludes from the reach of this opinion situations in which the other party, if not a lawyer, ordinarily would not consult a lawyer or retain a lawyer to represent him. For example, a lawyer-consumer whose suit has been damaged by the dry cleaners should be free to address the problem directly with the manager, rather than having to contact the lawyer for the dry cleaners. Similarly, a lawyer-neighbor may deal directly with a neighbor about a noisy pet or a tree that fell on the lawyer's property, without concern whether the neighbor has a lawyer. Or a lawyer-citizen may write to the chief executive of a corporation protesting its planned theme park. It would be unreasonable to suggest in these types of situations that a lawyer-party cannot deal directly with the other person or entity. However, when a dispute has matured to the point where a person would ordinarily retain counsel, the lawyer-party must treat herself as covered by Rule 4.2.

Rule 4.2 has at its core the concern that lawyers generally are in a better position, by education and training,[5] to overwhelm a lay party and exploit his lack of legal knowledge in the course of communicating directly with the lay party. Courts and this Committee have noted that the Rule is intended to protect against the lawyer who might coax a statement or settlement or otherwise take advantage of the unsuspecting and momentarily uncounseled lay person.[6] Thus, courts have noted the "difficulty the uncounseled layperson has in marshalling the information and foresight required to conduct negotiations about complex legal issues with a lawyer representing [an adverse party]."[7]

Courts also have observed that Rule 4.2 helps prevent the inadvertent disclosure of privileged information[8] and has "preserved the proper functioning of the legal system"[9] by protecting the integrity of the lawyer-client relationship. These societal concerns and interests have no less validity when the lawyer positioned to do the coaxing is a lawyer-party proceeding pro se.

Comment [1] to Rule 4.2, which permits direct, interparty communications, does not create an exception to Rule 4.2. The comment merely reflects the American jurisprudential tradition that parties generally are free to communicate directly with each other. This tradition is based on the belief that parties have a right to settle their disputes without the involvement or consent of their lawyers.

However, this right of the parties is not absolute. A party cannot achieve a settlement from another uncounseled party through "duress, harassment, or overbearing conduct."[10] It is precisely this limitation on traditionally allowable interparty communications that takes precedence over the commentary to Rule 4.2 when one of the parties is a lawyer.

A lawyer, like a lay person, has the unqualified right to represent herself in a matter, even if, as the old adage has it, she thereby acquires a fool for a client. But, unlike the lay party, the pro se lawyer brings her professional skills and legal knowledge with her whenever she deals with her lay adversary. The lawyer-party, no matter whether she is acting in her "lawyer" or her "party" capacity, still retains a presumptively

unfair advantage over an opposing party. We therefore conclude that a lawyer must comply with the requirements of Rule 4.2(a) when she represents a client, be that client the lawyer herself or another party.

Inquiry No. 92-6-19
Adopted: September 20, 1995

---

1. This opinion addresses only the situation in which the lawyer-party is proceeding pro se. We do not address the situation in which the lawyer-party is represented by counsel.

2. In so assuming, the Committee notes that the term "party" is not limited to formal parties in litigation. Rule 4.2, Comment [4]. *See also* Rule 4.2(c), which, for purposes of this rule, defines "party" to include "any person, including an employee of a party organization, who has the authority to bind a party organization as to the representation to which the communication relates." We also note that Rule 4.2(d) excludes from the Rule's scope communications by a lawyer with government officials who can redress a client's grievances.

3. In fact, the Rules appear to embody two assumptions—that the lawyer is (1) representing (i.e., acting as lawyer for) a (2) third party (i.e., a client other than herself). Some courts have specifically held that certain disciplinary rules are inapplicable to the situation where a lawyer is representing herself. *Lawson v. Nevada Power Co.*, 739 F. Supp. 23, 24 (D.D.C. 1990) (disciplinary rule requiring a lawyer to withdraw from trial if she is called as a witness does not require disqualification of lawyer who is proceeding pro se). *See also O'Neil v. Bergan*, 452 A.2d 337, 344 (D.C. 1982); *Koger v. Weber*, 455 N.Y.S.2d 935, 937 (N.Y. Sup. Ct. 1982); Downey, *Fools and Their Ethics: The Professional Responsibility of Pro Se Attorneys*, 34 B.C. L. Rev. 529 (1993) (advocating the adoption of a new ABA Model Rule preserving the lawyer's right to self-representation but urging the lawyer to retain outside counsel if her self-representation would violate the ethical standards normally applicable to the conduct of a lawyer representing another person).

4. Under the Rules, lawyers are admonished not to harass opponents. *See* Rules 1.16 (a lawyer should withdraw if the representation will result in a violation of the Rules of Professional Conduct); 3.1 (a lawyer shall not bring or defend action except on a non-frivolous basis); 3.2 (a lawyer should not delay a case solely to harass or maliciously injure another); 3.4 (a lawyer shall deal fairly with opposing parties and counsel in pretrial and trial matters); 3.5 (a lawyer shall respect the impartiality and decorum of the tribunal); 4.2 (a lawyer shall not talk to parties represented by counsel about the subject of the representation).

5. *See Valassis v. Samelson*, 143 F.R.D. 118, 120 (E.D. Mich. 1992); *Brown v. St. Joseph County*, 148 F.R.D. 246, 249 (N.D. Ind. 1993); *Curley v. Cumberland Farms, Inc.*, 134 F.R.D. 77, 82 (N.D.J. 1991); *University Patents, Inc. v. Kligman*, 737 F. Supp. 325, 327 (E.D. Pa. 1990); *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1084 (S.D.N.Y. 1989); *Frey v.*

*Department of Health and Human Serv.*, 106 F.R.D. 32, 34 (E.D.N.Y. 1985); *United States v. Galanis*, 685 F. Supp. 901, 902 (S.D.N.Y. 1988); Kurlatzik, *The Prohibition on Communication with an Adverse Party*, 51 Conn. B.J. 136, 145-46 (1977).

6. *See United States v. Batchelor*, 484 F. Supp. 812, 813 (E.D. Pa. 1980); *Sherrod v. Furniture Ctr.*, 769 F. Supp. 1021, 1022 (W.D. Tenn. 1991); *Hanntz v. Shiley, Inc.*, 766 F. Supp. 258, 265 (D.N.J. 1991); *Polycast Technology Corp. v. Uniroyal, Inc.*, 129 F.R.D. 621, 625 (S.D.N.Y. 1990); *Wright v. Group Health Hosp.*, 691 P.2d 564, 567 (Wash. 1984). *See also* D.C. Bar Legal Ethics Comm. Op. 80 (1979); ABA Comm. on Professional Ethics and Grievances Formal Op. 108 (1934); *Frey v. Dep't of Health and Human Serv.*, 106 F.R.D. at 34 (E.D.N.Y. 1985); Leubsdorf, *Communicating With Another Lawyer's Client: The Lawyer's Veto and the Client's Interests*, 127 U. Pa. L. Rev. 683 (1979).

7. *United States v. Batchelor*, 484 F. Supp. at 813. Our opinion does not turn on the level of sophistication of the lay party in a matter. Such a subjective analysis, we believe, would create unnecessary confusion and uncertainty as to the propriety of lawyer-party conduct in future cases.

8. *Polycast Technology Corp. v. Uniroyal*, Inc., 129 F.R.D. at 625.

9. *Wright v. Group Health Hosp.*, 691 P.2d at 567; *Carter v. Kamaras*, 430 A.2d 1058, 1059 (R.I. 1981).

10. See *Lewis v. S.S. Baune*, 534 F.2d 1115, 1122 (3d Cir. 1976).





Be well represented with a new checking account endorsed by the D.C. BAR          SIGN UP TODAY ●

The District of Columbia Bar | 1250 H Street NW, sixth floor | Washington DC 20005-5937 | 202-737-4700 | **Directions/Parking**
©2007 District of Columbia Bar. All rights reserved. **Privacy Policy** | **Disclaimer** | **Author guidelines**

http://www.dcbar.org/for_lawyers/ethics/legal_ethics/opinions/opinion258.cfm                    1/11/2007